**AZTEC PIPE AND SUPPLY COMPANY, INC., Appellant,**

**v.**

**SUNDANCE OIL COMPANY, Appellee.**

**No. 17116.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 11, 1978.

Rehearing Denied June 8, 1978.

Dunn Law Offices, S. P. Dunn, Orange, for appellant.

Byrnes, Myers, Adair, Campbell & Sinex, Jay S. Siskind, Houston, for appellee.

PEDEN, Justice.

Defendant, Aztec Pipe and Supply Company, appeals from the granting of a motion for summary judgment to Sundance Oil Company on a sworn account. When the motion was filed, Aztec had submitted only a general denial, but it filed three amended answers and three affidavits before the trial judge granted the summary judgment. Aztec contends on appeal that Sundance's pleadings did not conform to Rule 185 of the Texas Rules of Civil Procedure, that Aztec's subsequent pleadings and affidavits raised material fact questions and that there was no evidence to support the award of attorney's fee. We reverse and remand.

Sundance attached to its petition a statement of the account with Aztec Pipe and an affidavit of its agent that complies with the provisions of Rule 185. Its motion for summary judgment was set for hearing on October 3, 1977, and Aztec Pipe timely filed its verified first amended answer on September 30. The hearing was reset to October 10, 1977, so under the provisions of Rule 166–A then in effect, Aztec Pipe's verified second amended answer was timely when filed on October 7. It contained these allegations:

1. The claim on which plaintiff's claim is founded "is wholly not just or true."
2. "Defendant specifically denies the allegation in paragraph I of Plaintiff's Original Petition in which Plaintiff alleges that '. . . Plaintiff, at the special instance and request of Defendants, did sell and deliver to the Defendants the goods, wares, merchandise and/or services described (in Plaintiff's Exhibit "A") at the prices therein charged.' Said allegation is not just or true."
3. "Defendant specifically denies requesting '. . . the goods, wares, merchandise and/or services' described in Plaintiff's Exhibit 'A'. Said allegation is not just or true."
4. "Defendant specifically denies the allegations in paragraph II of Plaintiff's Original Petition. Said allegations are not just or true in that Defendant specifically denies ever promising to pay Plaintiff for the material described in Plaintiff's Exhibit 'A'."

(Paragraph II of the plaintiff's petition alleged that the defendant had promised to pay for the goods listed on Exhibit "A" but had failed to do so.).

These denials do not meet the strict requirement of Rule 185 that the claim, if supported by proper affidavit, "shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just or true . . ." Rule 93 (k) requires the same terminology, and the Texas courts are extremely exacting in the nature of the language used. *P. T. Poultry Growers v. Darr Equipment Co.,* 537 S.W.2d 773, 775 (Tex.Civ.App.1976, writ ref. n.r.e.) and cases cited therein.

The judgment in our case recites that when the motion for summary judgment came on for hearing on October 10, it was taken under advisement until the decision was rendered and judgment was signed on October 17. Aztec Pipe continued to file amended pleadings and affidavits until the judgment was signed. We find no indication as to which pleadings and which summary judgment evidence were considered

by the trial judge, although he was asked by plaintiff's counsel, in a letter dated October 13, not to consider the defendant's motion for continuance, third amended answer, motion to allow trial amendment, and memorandum of law.

■ In *DeBord v. Muller,* 446 S.W.2d 299 (Tex.1969), the court stated the Texas rule to be that the trial court is not obligated to consider any pleading or summary judgment evidence filed after the hearing on plaintiff's motion. The court held that rule not applicable because a hearing had been held on the plaintiff's motion for summary judgment and the matter was under advisement when the defendant filed his motion and accompanying summary judgment evidence. We conclude that the facts in our case do not raise the *DeBord v. Muller* exception to the general rule, so the trial court was not required to consider the pleading and affidavit filed after the hearing on October 10, 1977. The record does not reflect that such materials were filed "with permission of the court," as provided in the amendment to Rule 166–A that later went into effect (on January 1, 1978).

■ The Defendant filed an affidavit with the trial court on October 10, the day of the hearing on plaintiff's motion. Although Rule 166–A then provided that opposing affidavits may be served *prior* to the day of hearing, it was proper for the trial court to consider it. *Brown v. Aetna Casualty & Surety Co.,* 366 S.W.2d 673 (Tex.Civ. App.1963, writ ref. n.r.e.). It is not shown that the trial court exercised its discretion to disallow the late filing, to refuse to consider it, or to order it stricken. The affidavit was apparently considered by the trial court. *Jones v. Houston Materials Co.,* 477 S.W.2d 694 (Tex.Civ.App.1972, no writ).

Such affidavit filed on October 10 bore the caption and trial court number of this cause and contained these assertions:

"DON BRIGGS, being duly sworn, deposes and says: 'I am the President of AZTEC PIPE AND SUPPLY COMPANY, INC., the defendant corporation in the above and foregoing entitled and numbered cause, and I was acting in my individual capacity as an agent for Dynamic Exploration, Inc. That AZTEC PIPE AND SUPPLY COMPANY, INC., never received any of the pipe or goods that are the subject of this law suit. That the pipe or the goods were delivered to Dynamic Exploration, Inc. all according to their instructions.

" 'No one on behalf of AZTEC PIPE AND SUPPLY COMPANY, INC. ordered the pipe or goods from Sundance Oil Company, AZTEC PIPE AND SUPPLY COMPANY, INC. did not receive the pipe or goods and AZTEC PIPE AND SUPPLY COMPANY, INC. denies owing Sundance Oil Company the purchase price.

" 'I do not know what arrangements Sundance Oil Company made in regard to employment of any attorney at law to sue on any debts. And, I personally do not know what reasonable attorney's fees are in a case of this nature.

" 'I personally have never seen the pipe or goods, and I do not know what condition the pipe or goods was in at the time of the alleged sale, and I do not know whether the pipe or goods conformed to any representation and warranties made to Dynamic Exploration, Inc.

" 'I personally as a favor to Dynamic Exploration, Inc. and as their agent placed a phone call to an agent or employee of Sundance Oil Company. The subject pipe or goods was delivered according to instructions from Dynamic Exploration, Inc. to Sundance Oil Company's agent or employee.

" 'AZTEC PIPE AND SUPPLY COMPANY, INC. did not receive any consideration for the transaction which took place by and between Sundance Oil Company and Dynamic Exploration, Inc.' "

■ It is well settled that the rule making a verified account prima facie evidence unless a written denial under oath is filed does not apply to or cover transactions between third parties or parties who were strangers to the transactions. 1 Tex.Jur.2d 321, Accounts and Accounting, § 71; *Eng v. Wheeler,* 302 S.W.2d 263 (Tex.Civ.App.1957,

writ dis.). In our case the allegation in Briggs's affidavit that he ordered the pipe in question for Dynamic Exploration leaves a material issue of fact unresolved: for whose account the pipe was ordered. Sundance has not demonstrated that it is entitled to judgment as a matter of law. We sustain appellant's first point of error, that the trial court erred in granting summary judgment, and its twenty-eighth point, that Briggs's affidavit raises an issue of material fact as to whether Aztec Pipe is a third party.

Sundance's suit is based on a statement covering the sale of 289 "jts." of casing of specified dimensions and prices. In the light of the admission of the president of Aztec Pipe that he personally ordered the "subject pipe or goods," we are at a loss to understand how the appellant 1) can wonder for eight pages early in its brief whether "casing" as used in the account means sausage covering, a tire, dried cow dung used for fuel, or pipe, 2) can argue that it is not obvious that "jts." means joints, and 3) can contend "that it is impossible to determine whether plaintiff is suing for merchandise and/or services."

 The appellant complains that the appellee's petition, account, and affidavit were inadequate to support the summary judgment. It is true that the affidavit attached to the motion for summary judgment concerns only an attorney's fee. However, in a suit on a sworn account filed under Rule 185, if the account is not denied under oath as provided in that rule, summary judgment does not rest on proof supplied by pleading, but on deficiencies in the opposing pleading. *Hidalgo v. Surety Savings & Loan Association,* 462 S.W.2d 540 (Tex. 1971); *Wilson v. Browning Arms Co.,* 501 S.W.2d 705 (Tex.Civ.App.1973, writ ref.).

Appellant's brief contains an argument pertaining to its eleventh point of error but in listing the points being argued, fails to include point 11. We believe appellant is entitled to have us consider the point. In it the appellant complains that there is no evidence to support the award of an attorney's fee.

The only summary judgment evidence as to an attorney's fee is in an affidavit attached to plaintiff's motion for summary judgment, where its attorney stated that he is duly licensed to practice law in Texas and is familiar both with fees customarily charged by attorneys in Houston and with the minimum fee schedule of the State Bar of Texas, that he is representing his client on a contingent fee basis, and $10,154.20 is the recommended minimum fee set by the State Bar of Texas for a suit involving the debt in this case. Further, the claim was presented to the defendant thirty days before suit was filed and has not been paid. The trial judge awarded an attorney's fee of $3,100. We sustain appellant's point 11. The minimum fee schedule is not, in the absence of proof to the contrary, conclusive in a summary judgment suit to which Article 2226, Vernon's Texas Civil Statutes, applies. *Coward v. Gateway National Bank of Beaumont,* 525 S.W.2d 857 (Tex.1975).

We reverse the judgment of the trial court and remand this cause for further proceedings.