**R. R. ROBINSON, d/b/a Do-Rite Grocery and Market, Appellant,**

v.

**Bob BULLOCK, Comptroller of Public Accounts, Appellee.**

No. 12837.

Court of Civil Appeals of Texas, Austin.

Dec. 13, 1978.

Claude R. Wilson, Jr., Golden, Potts, Boeckman & Wilson, Dallas, for appellant.

John L. Hill, Atty. Gen., R. L. Lattimore, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

In an earlier appeal of this cause this Court affirmed the trial court's action in declining to consider for want of jurisdiction the suit of R. R. Robinson, doing business as Do-Rite Grocery and Market, to enjoin the Comptroller of Public Accounts from collecting in excess of $20,900.00 in taxes claimed due the State and the City of Dallas. (553 S.W.2d 196 (Tex.Civ.App.) writ ref'd n. r. e.; cert. den., 436 U.S. 917, 98 S.Ct. 2264, 56 L.Ed.2d 758).

In the same appeal this Court reversed the trial court's judgment granting the Comptroller's motion for summary judgment for taxes and penalties and remanded the cause for further proceedings.

From summary judgment granted on the Comptroller's motion in a subsequent hearing on March 30, 1978, Robinson appeals on the sole point of error that the summary judgment proof did not support the pleadings. We will overrule the point of error and affirm judgment of the trial court.

Appellant Robinson argues that the delinquency certificate of the Comptroller, attached to and expressly incorporated in the State's sworn motion for summary judgment, failed as competent evidence because the signature of the Comptroller does not appear on it, but is stamped on a form on which are stated the name of the taxpayer and "other information necessary to complete the certificate." Appellant contends

 

also that the certificate may not be considered as an affidavit in support of the motion for summary judgment because it fails to "state that it was made on the personal knowledge of the Affiant and that the Affiant was competent to testify to the matters embraced therein."

█ It is settled that in a suit for collection of taxes a certificate by the Comptroller showing the delinquency constitutes *prima facie* proof of the tax and the amount of the tax, and the certificate is accorded the presumption of correctness. *Baker v. Bullock*, 529 S.W.2d 279, 281 (Tex.Civ.App. Austin 1975, writ ref'd n. r. e.) and authorities there cited; Arts. 1.08 and 20.09(E) and (G)(1), Title 122A, Taxation-General. The signature and seal on the Comptroller's certificate may be shown in facsimile "in lieu of his manual signature and his seal and acknowledgment." Art. 1.07(1)(e)(ii), Title 122A, Tax.-Gen.

█ For the additional reason that appellant failed to make timely and proper objections in district court, any claimed defects in the form of the affidavit or attachments are not grounds for reversal on appeal. Such defects must be specifically pointed out in the trial court. Rule 166–A(e), Rules of Civil Procedure, as amended effective January 1, 1978.

In this Court's earlier opinion, in conformity with two decisions by the Supreme Court, we stated that ". . . the supporting document in this case is the Comptroller's *certificate*, which should be attached to the motion . . . to make proof necessary to support the motion for summary judgment." (553 S.W.2d 199, col. 2) See *Texas National Corporation v. United Systems International, Inc.*, 493 S.W.2d 738 (Tex.1973); *Hidalgo v. Surety Savings & Loan Assoc.*, 462 S.W.2d 540 (Tex.1971).

█ We conclude that the Comptroller has complied with the instructions and objections pointed out in the first opinion, that the motion for summary judgment was adequately and properly supported by the proof, and that the trial court did not err in granting the motion and rendering judgment for the State.

The judgment of the trial court is affirmed.