**WORDWORKS, INC., Appellant,**

v.

**DALLAS COUNTY STATE BANK, Appellee.**

No. 19899.

Court of Civil Appeals of Texas, Dallas.

Aug. 10, 1979.

Rehearing Denied Sept. 19, 1979.

Robert H. Bezucha, Carter, Jones, Magee, Rudberg, Moss & Mayes, Dallas, for appellant.

William H. Shields, McCracken, Shields & Taylor, Carrollton, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.,

STOREY, Justice.

This is an appeal from a summary judgment granted in favor of defendant, Dallas County State Bank. Plaintiff urges on appeal that its controverting affidavits, including one filed nine days after the summary judgment hearing and without leave of court, created a fact issue as to whether defendant wrongfully offset funds from plaintiff's bank account and charged usurious interest on plaintiff's installment loan. We hold that plaintiff's affidavits were insufficient to preclude summary judgment under Tex.R.Civ.P. 166–A. Accordingly, the summary judgment is affirmed.

Plaintiff sued defendant alleging wrongful offset of funds from plaintiff's bank account and for usurious interest. Plaintiff alleged that pursuant to an oral agreement between the parties, it was required to keep a compensating balance in its bank account equal to at least one-fourth of the outstanding balance of the loan which defendant had made to plaintiff. According to plaintiff's allegations, this had the effect of reducing the principal amount loaned, so that interest was properly chargeable on no more than three-fourths of the recited principal in the note. When plaintiff became delinquent on the note, defendant exercised its right of offset against plaintiff's account and applied this offset against the balance remaining on the note. Defendant counterclaimed for the balance remaining on the note, for foreclosure of its security interest on plaintiff's equipment, and joined third parties as guarantors on the note.

Defendant moved for summary judgment, attaching the note, security agreement, and guaranty contracts of plaintiff's president and secretary as summary judgment proof. By way of response to defendant's motion, plaintiff timely filed the affidavits of its vice-president and accountant. Nine days after the summary judgment hearing, plaintiff, without the court's permission, filed another affidavit of its vice-president, and the parties dispute whether this affidavit was properly before the trial court for consideration. We conclude that this last affidavit was not prop-

erly before the court, and that those properly filed failed to raise a fact issue. In order for plaintiff to prevail on its wrongful offset and usury allegations, it must establish an agreement between the parties requiring plaintiff to keep a compensating balance which effectively reduced the amount of principal loaned by defendant; and in order to controvert defendant's motion for summary judgment, the record must show that a fact question has been raised regarding the existence of the agreement. None of the three affidavits which are conceded to be timely filed raise this question.

In the first affidavit of C. D. Stephens, vice-president of Wordworks, Inc., he states that neither the note nor the security agreement was complete at the time the parties signed those instruments. He further states that plaintiff was required to move all of its banking business to defendant's bank, thereby causing "a great inconvenience" to it. Neither of these conditions, however, raise an issue of usury. The two affidavits of plaintiff's accountant contain calculations showing that usurious interest rates were charged on the principal amount of the loan only after the compensating balance had been subtracted from the original amount loaned. The accountant's affidavit assumes that the agreement to maintain the compensating balance existed, and proceeds to calculate the interest rate accordingly. Moreover, Stephens' first affidavit fails to prove up any additional agreement between the parties. These affidavits, therefore, fail to show the existence of a dispute as to the terms of the loan transaction. *See* 4 R. McDonald, Texas Civil Practice §§ 17.26.9 (rev.1971).

■ Plaintiff argues that Stephens' second affidavit filed nine days after the summary judgment hearing without leave of court, was properly before the trial court and should have been considered by the court in determining whether a fact issue was presented. In this affidavit, Stephens stated that when he originally contacted Dallas County State Bank concerning the loan, he was told that in order to obtain the loan, plaintiff would be required to move its

banking to Dallas County State Bank and maintain a compensating balance equal to one-fourth of the outstanding balance of the loan.

The question is whether this affidavit was properly before the court under Rule 166–A(c) which provides in part: "Except on leave of court, the adverse party, not later than seven days prior to the day of the hearing may serve opposing affidavits or other written response." Plaintiff urges on the authority of *Robinson v. Bullock*, 574 S.W.2d 882 (Tex.Civ.App.—Austin 1978, writ ref'd n.r.e.), that because defendant never objected to the timeliness of the affidavit, it cannot assert this as error for the first time on appeal. Plaintiff further argues that because the trial court's judgment states that it considered "the Motion, the pleadings and the affidavits filed herein . . . .," it is apparent that the court considered the affidavit even though the record shows no leave of court was obtained. We disagree with both contentions.

The appellant in *Robinson* failed to object to the *form* of appellee's affidavits in the trial court and attempted to point out the defects for the first time on appeal. The court held that under Rule 166–A(e), any claimed defects in the form of the affidavit or attachments must be specifically pointed out in the trial court, and cannot be grounds for reversal on appeal. 574 S.W.2d at 883. The court did not, however, address the question of timeliness of the controverting affidavit under Rule 166–A(e). Lack of timeliness in filing an affidavit differs from a mere defect of form because Rule 166–A(e) places the burden on the party filing the affidavits to bring it to the trial court's attention by motion or by specifically obtaining leave to file. In the absence of such a procedure, a party would be permitted to further file affidavits that might or might not reach the attention of the trial judge. In this case, we cannot determine whether defendant was given the opportunity to respond to plaintiff's affidavit because the record fails to show that this affidavit was served on defendant. In addition, plaintiff's argument that the language in the

court's judgment establishes that the affidavit was considered is without merit. That language means only that the court considered all affidavits properly on file at the time of the summary judgment hearing.

Plaintiff further relies on *Aztec Pipe and Supply Company, Inc. v. Sundance Oil Company*, 568 S.W.2d 401 (Tex.Civ.App.—Houston [1st Dist.]), writ ref'd n.r.e. per curiam, 576 S.W.2d 780 (Tex.1978), for the proposition that the late filing of an affidavit does not preclude the court from properly considering it as summary judgment proof. *Aztec* is distinguishable from this case because in that case, appellant's affidavit was filed *prior* to the summary judgment hearing. Since the trial court never expressly refused to consider or order the affidavit stricken, the court held that the trial court apparently considered it. 568 S.W.2d at 403. In this case, however, the affidavit was filed nine days after the hearing, and the trial court therefore was not obligated to consider any summary judgment proof filed after the hearing on the summary judgment motion. *DeBord v. Muller*, 446 S.W.2d 299, 300 (Tex.1969); *Silcott v. Wilson*, 579 S.W.2d 291, 293 (Tex.Civ.App.—Dallas 1979, no writ); *Aztec*, 568 S.W.2d at 403. Here the record fails to show that plaintiff was granted leave of court to file the affidavit as required by Rule 166–A(c) and further, there is no evidence that defendant ever received notice of its filing or that it was ever brought to the attention of the judge. We therefore conclude that this affidavit was not properly before the court.

Because plaintiff's summary judgment proof was insufficient to establish the existence of an agreement between the parties that plaintiff keep a compensating balance in its bank account, no fact issue is raised on plaintiff's claim of usury. Consequently, defendant had the right to set off against the amount plaintiff had on deposit an amount equal to the indebtedness owed by plaintiff to defendant which was established by the summary judgment proof. *Sears v. Continental Bank and Trust Co.*, 562 S.W.2d 843, 844 (Tex.1977); *First National Bank of Bellaire v. Hubbs*, 566 S.W.2d 375, 377 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). We hold therefore that the trial court properly granted summary judgment.

Affirmed.