**VOLVO PETROLEUM, INC. and Hamilton Brothers Petroleum Corporation, Appellants,**

v.

**GETTY OIL COMPANY, Appellee.**

No. C14–86–006–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 14, 1986.

Rehearing Denied Sept. 11, 1986.

Constance Barnes, Houston, for appellants.

Charles E. Fitch, William F. Mahley, James H. Pearson, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment entered in favor of appellee, Getty Oil Company. We reverse the trial court's judgment.

On June 4, 1984, Getty filed its Original Petition against Cliff's Drilling Company, Inc., and appellants, Volvo Petroleum, Inc., and Hamilton Brothers' Petroleum Corporation. In its petition Getty alleged it sold diesel fuel on account to Cliff's Drilling Co. and/or Fred Olson Oil & Gas and that appellant, Volvo, subsequently acquired Fred Olson Oil & Gas. The stated price for the diesel fuel was $53,272.80. Alternatively, Getty alleged it was entitled to recover $53,272.80 from Volvo and Hamilton, jointly and severally, on a quantum meruit theory. Hamilton Brothers succeeded Volvo as operator of the well after the controversy over the payment for the fuel arose.

Volvo and Hamilton answered by general denial. Cliff's Drilling Company, Inc., filed requests for admissions of fact directed to Volvo and Hamilton. Volvo and Hamilton failed to answer the requests for admissions of fact and failed to file a motion for late filing.

Getty subsequently filed a motion for summary judgment against Volvo and Hamilton on both the sworn account and the quantum meruit causes of action. Getty's ground for summary judgment on its sworn account cause of action was that Volvo and Hamilton had filed an answer which failed to raise any material issue of fact. Getty's motion for summary judgment on its quantum meruit cause of action was based solely upon certain matters that Volvo and Hamilton were deemed to have admitted based upon their failure to respond to requests for admissions filed by defendant Cliff's Drilling Company. Volvo and Hamilton filed a motion to withdraw the deemed admissions. The motion was before the trial court at the hearing on Getty's motion for summary judgment.

Appellants assert three points of error: (1) the trial court abused its discretion in refusing to permit withdrawal or amendment of matters that had been deemed admitted by Volvo and Hamilton; (2) the trial court erred in granting summary judgment against Volvo; and (3) the trial court erred in granting summary judgment against Hamilton.

In the first point of error appellants assert the trial court abused its discretion in refusing to permit withdrawal or amendment of matters that had been deemed admitted by Volvo and Hamilton.

■ In October of 1984, Cliff's Drilling Co. sent Request for Admissions to Volvo and Hamilton. The Request for Admissions was received by the appellants' attorney on October 30, 1984. The Texas Rules of Civil Procedure, Rule 169(1) states that:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted without necessity of a court order unless, within thirty (30) days after service of the request, or within such time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney ...

Tex.R.Civ.P. 169(1). Volvo and Hamilton failed to answer the Request for Admissions within thirty (30) days, and the same were deemed admitted by operation of law. Tex.R.Civ.P. 169(1), 215(4)(a). Volvo and Hamilton have never filed any answers to the requests. The effect of the failure of appellants to answer the requests was to conclusively establish the matters on which an admission was requested. Tex.Cr.Civ.P. 169(2).

■ In order to avoid a request for admission from being deemed admitted, as required by Rule 169, a party who has failed to answer a request for admission must file a "Motion for Late Filing" on or before the deadline for responding to the request. If a motion for late filing is not filed, the party cannot complain of the court's order decreeing that the request for admissions be deemed admitted. *Hill v.*

*Caparino,* 370 S.W.2d 760 (Tex.Civ.App.—Houston 1963, no writ). Moreover, a motion to deem requested admissions admitted is not required; the requested admissions are automatically deemed admitted under Rule 169 when no answer or motion for additional time is filed by the day the time to answer expired. *Packer v. First Texas Savings Association,* 567 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); Tex.R.Civ.P. 169. Once the requests have been deemed admitted, the defaulting party may file a motion to strike the deemed admissions and such a motion may be considered by the trial court. *Cantu-Johnston Pools, Inc. v. Solis,* 705 S.W.2d 299 (Tex.App.—San Antonio 1986, no writ).

■ The appellants have alleged the court abused its discretion in failing to allow them to withdraw or amend their admissions. The burden is on the appellants to see that a sufficient record is presented to show error requiring reversal. Tex.R.Civ.P. 413. The record in this case fails to show any error by the trial court in this regard. We find no abuse of discretion on the part of the trial court. Appellants' first point of error is overruled.

In their second and third points of error appellants assert the trial court erred in granting summary judgment against Volvo and Hamilton. The crucial question is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the appellee's cause of action.

■ To be entitled to summary judgment, the movant must conclusively prove all essential elements of his claim. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979). The burden is on the movant to show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166–A(c). Evidence favorable to the nonmovant will be taken as true and every reasonable inference must be indulged in favor of the nonmovants, and doubts resolved in their favor. *Wilcox v.*

*St. Mary's University,* 531 S.W.2d 589 (Tex. 1975).

The record reflects that Volvo and Hamilton filed a response to Getty's motion for summary judgment and each filed its first amended answer on August 19, 1985. This was one week before the summary judgment hearing on Monday, August 26, 1985. Leave of court was not obtained to file either the response to the motion for summary judgment or the amended answers.

Rule 166–A(c) of the Texas Rules of Civil Procedure provides that any written response to a motion for summary judgment shall be filed "not later than seven (7) days prior to the day of hearing … except on leave of court." Tex.R.Civ.P. 166–A(c). Rule 63 provides that "parties may amend their pleadings … and file such other pleadings as they may desire … provided, that any amendment offered for filing within seven (7) days of the date of trial or thereafter, … shall be filed only after leave of the judge is obtained…." Tex.R. Civ.P. 63.

■ Our Courts have construed the phrase "within seven days of the date of trial" in Rule 63 to mean seven days before the date of trial. *Sweeny Bank v. Ritchie, Hopson & Associates,* 628 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Oehler v. Oehler,* 422 S.W.2d 240, 244 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.). Therefore, an amended pleading "filed on a Monday before trial on the following Monday" comes within the seven-day period during "which leave of the Court first must be obtained." *Dillingham v. Lynch,* 516 S.W.2d 694, 704 (Tex. Civ.App.—Austin 1974, writ ref'd n.r.e.).

Appellants' amended answers were, therefore, not properly before the court. Their original answer, an unsworn general denial, was defective when measured by the requirements of Rule 185 Tex.R.Civ. Proc. for suit on account, as alleged in appellee's motion for summary judgment.

■ Appellants, Volvo and Hamilton, filed their written response to appellee's

motion for summary judgment on Monday, August 19, 1985, without first obtaining leave of Court. This was seven (7) days before trial on the motion for summary judgment held on Monday, August 26, 1985. We find that appellants' response to appellee's motion for summary judgment was timely filed as measured by the requirement of Rule 166–A(c) of the Texas Rules of Civil Procedure which provides that any written response shall be filed "not later than seven (7) days prior to the day of hearing ... except on leave of Court."

We hold that the phrase contained in Rule 166–A(c), "not later than seven (7) days prior to the day of the hearing," means that a written response to a motion for summary judgment can be filed, without leave of Court, on the seventh day before the hearing or, as in this case, August 19, 1985, a week before the day of the hearing, August 26, 1985.

At the time of granting the summary judgment the court had before it the appellee's original petition, the request for admissions of fact, appellants' original answer, appellee's motion for summary judgment and appellants' response to the motion for summary judgment.

In the instant case Getty brought suit against Volvo and Hamilton on sworn account and in the alternative on the theory of quantum meruit. In the interest of clarity we will address each theory separately.

### SWORN ACCOUNT

■ The Texas Rules of Civil Procedure, Rule 185 governs sworn accounts. An action under Rule 185 is not a matter of substantive law but one of procedure with regard to the evidence necessary to establish a prima facie case of the right to recover. *Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860 (Tex. 1979).

■ Appellants in their response to appellee's motion for summary judgment assert that Getty has failed to state a cause of action based on a sworn account. We

agree. Appellants assert Getty has not alleged or proved that any contract existed between Getty and appellants. Rather, Getty has alleged a contract between Getty and Fred Olson Oil and Gas and Cliff's Drilling Company.

■ It is well settled that the rule making a verified account prima facie evidence unless a written denial under oath is filed does not apply to or cover transactions between third parties or parties who were strangers to the transactions. *Aztec Pipe & Supply Co., Inc. v. Sundance Oil Co.,* 568 S.W.2d 401 (Tex.App.—Houston [1st Dist.]) writ ref'd n.r.e., 576 S.W.2d 780 (Tex.1978); *Eng v. J.D. Wheeler,* 302 S.W.2d 263 (Tex.Civ.App.—San Antonio 1957, writ dism'd). Such accounts, though verified, are hearsay as to such parties, and in such case the stranger may controvert and disprove the account, although he does not file a written denial under oath. *Eng, supra* at 266–267.

The instant case presents a situation which involves two parties, Volvo and Hamilton, who were strangers to the original transaction between Getty and Fred Olson Oil & Gas. Getty pleaded that it sold over 50,000 gallons of diesel fuel to Fred Olson Oil & Gas and/or Cliff's Drilling Company. Getty alleged Volvo became liable for the debt by subsequently acquiring Fred Olson Oil and Gas. Based upon the assumption of Volvo's liability, Getty sent Volvo an invoice requesting payment for the debt. This invoice was attached to appellee's petition and motion for summary judgment. Sending an invoice to appellant Volvo after admitting Volvo was not a party to the original transaction is not prima facie evidence of liability under Rule 185.

We find the summary judgment evidence did not conclusively establish all the essential elements of Getty's cause of action on sworn account. Getty's motion for summary judgment against Hamilton based on sworn account also suffers from a further defect in that Getty had not alleged a sworn account cause of action against Hamilton. We sustain appellants' point of error that the trial court erred in granting

summary judgment against Volvo and Hamilton on sworn account.

## QUANTUM MERUIT

Appellants assert the trial court erred in granting summary judgment against them jointly and severally based on a quantum meruit theory. The grounds for the summary judgment on quantum meruit rest upon five admissions deemed admitted by operation of law. These admissions are:

1. That Hamilton Brothers Petroleum, Inc., is the successor in interest to Volvo Petroleum, Inc.

2. That Volvo Petroleum, Inc., is the successor in interest to Fred Olson Oil & Gas.

3. That H.J. Serritte was a duly authorized representative or agent of Fred Olson Oil & Gas.

4. That H.J. Serritte signed a material transfer order transferring 50,736 gallons of fuel from Getty Oil Company to Fred Olson.

5. That Fred Olson Oil & Gas used fuel transferred to it from Getty in the drilling of State Lease 7634 Well # 4.

In support of its theory of recovery based on quantum meruit appellee argues that appellants are liable according to the law of corporate merger and/or consolidation.

■■■ The rights of a "successor" corporation have been delineated, both by Texas statute and case law. The Texas Business Corporation Act, Art. 5.06(A)(5) sets forth the legislative mandate of rights of a surviving corporation:

A. When such merger or consolidation of domestic corporations has been effected:

(5) Such surviving or new corporation shall thenceforth be responsible and liable for all liabilities and obligations of each of the corporations so merged or consolidated; and any claim existing or action or proceeding pending by or against any of such corporations may be prosecuted as if such merger or consolidation had not taken place, or such surviving or new corporation may be substituted in its place. Neither the rights of creditors nor any liens upon the property of any such corporations shall be impaired by such merger or consolidation.

Tex.Bus.Corp.Act Art. 5.06(A)(5). This article has been interpreted to mean that a "successor" corporation assumes the liabilities and obligations of its predecessor. *North American Land Corporation v. Boutte*, 604 S.W.2d 245 (Tex.Civ.App.— Houston [14th Dist.] 1980, writ ref'd n.r.e.). We agree with the above stated law, but the record in the instant case does not provide us with summary judgment proof of a merger or consolidation in this case.

■■■ Upon reviewing the record we find the trial court granted summary judgment against appellants on quantum meruit based upon the matters deemed admitted by appellants; and, specifically, that appellants as "successors in interest" to Fred Olson Oil & Gas assumed its liabilities. We do not agree with this interpretation and instead find the admissions are susceptible to two reasonable and conflicting inferences: (1) that Volvo acquired the assets of Fred Olson Oil & Gas, but did not become liable for its debts; or (2) that Volvo both acquired the assets of Fred Olson Oil & Gas and became liable for its debts. A similar analogy can be made concerning Hamilton Brothers Petroleum, Inc., since there was no evidence that Hamilton has assumed the liabilities of Volvo.

■■■ The first of these inferences, which is favorable to appellants, is consistent with the traditional corporate law rule and the law in Texas that purchase of the assets of a corporation does not subject the purchaser to any of the liabilities of the seller. *Industrial Disposal Supply Co., Inc. v. Perryman Brothers Trash Service, Inc.*, 664 S.W.2d 756 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Mooney Aircraft Corp. v. Foster*, 730 F.2d 367 (5th Cir.1984). Similarly, there was no evidence that Hamilton had assumed the liabilities of Volvo. Hamilton's situation is susceptible to the same two inferences made on behalf

of Volvo. Under these circumstances the trial court erred in granting summary judgment against appellants.

Finally, Getty failed to prove the reasonable value of the diesel fuel at issue. The only summary judgment evidence before the trial court on this issue was an invoice from Getty to Volvo and the affidavit of the custodian of Getty's business records establishing that said invoice was a business record of Getty and stating that based on that invoice $53,272.80 was due and owing Getty by Volvo and/or Hamilton.

Appellants, Volvo and Hamilton, assert in their response to Getty's motion for summary judgment that there are genuine issues of material fact as to the value of the fuel. We agree.

■ A claim in quantum meruit, however, does not proceed upon the contract for the contract price, but proceeds independently of the contract to recover the value of the services rendered or materials furnished. The measure of recovery in quantum meruit is the reasonable value of services rendered or materials furnished. Any judgment predicated upon quantum meruit must be supported by evidence of the reasonable value of labor or services performed and materials furnished. *Air Conditioning, Inc. v. L.E. Travis & Sons, Inc.*, 578 S.W.2d 554, 556 (Tex.Civ.App.—Austin 1979, no writ).

In the instant case the invoice sent by Getty to Volvo was the only summary judgment evidence presented as to the reasonable value of the diesel fuel. This invoice does not support a recovery in quantum meruit.

We find the summary judgment evidence presented does not conclusively establish all the essential elements of Getty's cause of action in quantum meruit.

The record shows there is an issue of fact as to whether Volvo and Hamilton assumed the liabilities of Fred Olson Oil and Gas, and also whether the contract price of the diesel fuel was the reasonable value of the fuel. Because there are genuine issues of material fact, summary judg-

ment was not proper. Appellants' second and third points of error are sustained.

Accordingly the judgment of the trial court is reversed and the cause remanded for trial.