**Ronnie Eugene BARKER, Appellant,**

v.

**Mary E. HARRISON, Appellee.**

**No. 01–87–00509–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 1988.

Rehearing Denied June 30, 1988.

David Farley, Houston, for appellant.

Robert Coffey, Brockman, Coffey & Vander Lyn, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

OPINION

EVANS, Chief Justice.

The appellee, Mary E. Harrison, sued the appellant, Ronnie Eugene Barker, to recover damages resulting from an automobile accident. After a non-jury trial, the court awarded the appellee the sum of $5,676.68.

The accident occurred on a misty evening in May 1983. The appellant lost control of his truck, which skidded into the appellee's vehicle on her side of the street. The appellee's vehicle then proceeded headlong into a ditch, and she was thrown against the dashboard or steering wheel.

In the appellant's first two points of error, he challenges the legal and factual sufficiency of the evidence to support the court's award of damages. In his third point of error, he asserts that the court's finding that he was 100% responsible for the accident is against the great weight and preponderance of the evidence.

The determination of these points depends upon the effect of the appellant's failure to respond to the appellee's request for admissions. The appellee concedes that the evidence is factually insufficient to support the court's findings, at least insofar as it relates to the damage awards, unless the requested admissions are deemed found by the trial court.

The record reflects that the appellee's request for admissions was sent to the appellant on October 25, 1984. Included within the request for admissions were all the facts necessary to support the trial court's findings on negligence, proximate cause, and damages. The appellant did not file answers to such admissions until December 17, 1984, and therefore the answers were not timely filed. *See* Tex.R.Civ.P. 169.

The appellee filed a motion to deem the facts admitted on April 18, 1985, and a docket entry dated May 8, 1985, reads, "Plaintiff's Motion to Deem Requests Overruled."

Under rule 169, as amended, effective April 1, 1984, a requested admission is deemed admitted without the necessity of a court order if no objection or written answer to the request for admission is filed within 30 days after service of the request. Thus, in the absence of a timely answer or objection, facts are deemed admitted as a matter of law, and the trial court has no discretion to refuse to deem the facts admitted. *Curry v. Clayton*, 715 S.W.2d 77, 79 (Tex.App.—Dallas 1986, no writ); *Culp*

*v. Hawkins*, 711 S.W.2d 726, 727 (Tex.App. —Corpus Christi 1986, writ ref'd n.r.e.).

In this case, the appellant neither answered nor objected to the request for admissions within 30 days. Neither did he file a motion requesting that he be allowed to file late answers for good cause or that the deemed admissions be withdrawn. We accordingly hold that the appellee's requests for admissions are deemed admitted, and that no formal order by the court was necessary to give the admissions conclusive effect. *See Volvo Petroleum, Inc. v. Getty Oil Co.*, 717 S.W.2d 134, 136 (Tex. App.—Houston [14th Dist.] 1986, no writ). Because the deemed admissions established all essential elements of the appellee's case, we overrule the appellant's first three points of error.

The disposition of the appellant's first three points of error renders it unnecessary that we consider the appellant's fourth point of error in which he contends that the court erroneously overruled his motion for new trial on the basis that it was not timely filed.

The judgment of the trial court is affirmed.