Sara B. HAZEN, Appellant,

v.

Evelyn B. COOPER and Isabell B. Tradd, Appellee.

No. A14–89–388–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1990.

Paul J. Smith, Edwin I. McKellar, Jr., Houston, for appellant.

Willis Witt, Robert E. Hudson, Kathy A. Biehl, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This case concerns a will forfeiture clause in which the trial court granted summary judgment in favor of the appellees, Evelyn Cooper and Isabell Tradd, denying appellant Sara Hazen her inheritance. In her sole point of error appellant asserts that the trial court erred in granting the judgment. Since appellant's cause contains unresolved issues of material fact, we reverse the judgment of the trial court and remand the case for trial on the merits.

Rose Bashara, mother of the three parties in this suit, devised all of her property to these three daughters in a written will, excluding a fourth daughter, Grace Greene. Article III of the will provides in part:

A. *No Contest Provision.* It is our desire that there shall be no controversy whatever among the members of our family, or any of them concerning this Will or the administration of our respective estates, and in order, if possible, to prevent such controversy, it is our will and we hereby expressly provide that make it a condition precedent to the taking, vesting, receiving or enjoying any interest in any property under or by virtue of this Will, that no legatee or devi-

see hereunder shall in any manner contest the probate of this Will, or question or contest any provision or recital herein. We hereby further direct and provide that should any legatee or devisee so contest or question, *or in any manner whatever directly or indirectly aid in any such contest or questioning,* he or she shall thereupon lose and forfeit all property devised or bequeathed to him or her under the provisions hereof. In the case of such a forfeiture, the property so lost or forfeited is hereby given, devised and bequeathed in equal shares to such of the persons named as beneficiaries ... who do not so question or contest, or aid in such contest or questioning of this Will, as if all the persons so contesting or questioning this Will or aiding therein had died without issue immediately prior to the death of the first of us to die. (Emphasis added). The fourth sister of the parties, Grace Greene, and her daughter, Elizabeth Hargrove, filed a contest to the Bashara will. At the request of Greene and Hargrove, Hazen testified at the trial; however, no subpoena was issued requiring appellant's appearance. Appellant also provided two documents which the contestants offered into evidence. The trial court rendered judgment for Cooper and Tradd, the proponents of the will, on September 17, 1987. Following the judgment, appellees initiated this action claiming that appellant's conduct aided in the will contest and triggered the forfeiture clause of the will.

In a summary judgment proceeding the nonmovant is entitled to have all reasonable inferences made and all doubts resolved in her favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex.1988) (citations omitted). To be entitled to summary judgment, the burden is on movant to show that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *Volvo Petroleum, Inc. v. Getty Oil Co.,* 717 S.W.2d 134, 137 (Tex.App.— Houston [14th Dist.] 1986, no writ). The judgment must be based on conclusive proof of all essential elements of the claim, given that proof favorable to nonmovant is

taken as true and every reasonable inference is indulged in favor of nonmovants. *Id.*

Appellant testified at the request of the contestants without service of subpoena compelling her appearance. Although appellees acknowledge that public policy would prohibit a will from requiring an individual to avoid a trial appearance in violation of subpoena, they claim that appellant testified voluntarily and therefore aided in the will contest. Appellant does not concede that her testimony was voluntary. She was present at the court for collateral matters at the time of the trial and asserts that the contestants procured her testimony under threat of legal process. Appellant suggests that waiting for the contestants to secure a subpoena would have been a waste of all parties' time and energy and would not have affected the contestants' ultimate right to her testimony.

■ We hesitate to discourage anyone under any circumstances from testifying or providing truthful documents when they have relevant knowledge of fact issues which would expedite court proceedings. It might well violate public policy for us to so discourage a prospective witness. However, we need not examine the propriety of such a restriction as we are unable to conclude that appellant's act of testifying assisted the contestants in their cause. The Bashara contest lasted several weeks with numerous individuals testifying, and the court rendered judgment *against* the contestants. Under these circumstances we cannot determine appellant's contribution, if any, to the will contest. Appellant's appearance at trial is in itself factually insufficient to support appellees' summary judgment.

■ Appellees also claim that the unflattering statements made by appellant while testifying constituted aid to the will contest. Public policy also dictates that a will cannot require beneficiaries to lie, misrepresent the facts, or decline to answer questions posed while giving sworn testimony on the witness stand. Appellees con-

cede that courts need not enforce a disposition under a will if it violates the law or public policy. *Perry v. Rogers,* 52 Tex.Civ. App. 594, 114 S.W. 897, 899 (1908, no writ). We therefore refuse to deny appellant her legacy based solely on the factual content rather than the validity of her sworn statements. The truthfulness of her testimony is a question of material fact for the jury to evaluate and may not be surmised by a judge in a summary judgment proceeding.

Since appellees failed to show that there are no genuine issues of material fact, the trial court erred in granting summary judgment in appellees' favor. *Volvo Petroleum,* 717 S.W.2d at 137. We therefore reverse the judgment of the court and remand the case for hearing on the merits.