Affirmed and Opinion filed October 24, 2002









Affirmed
and Opinion filed October 24, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00259-CV

____________

 

EUNICE WARD, Appellant

 

V.

 

CONTINENTAL CASUALTY COMPANY, Appellee

 



 

On Appeal from the 25th District Court

Colorado County, Texas

Trial Court Cause No. 19,327

 



 

O P I N I O N

Appellant, Eunice Ward, appeals from the trial court=s judgment entered in favor of
appellee, Continental Casualty Company (“Continental”).  Ward contends the trial court erred in
deeming her admissions admitted and in entering judgment in favor of
Continental based on the deemed admissions. 
We affirm.

                                                             I. 
Background








Ward claimed she sustained a compensable injury to her lower
back on March 26, 1997, while working for Quanex Gulf State Tube Division (“Quanex”).  A hearing officer with the Texas Workers= Compensation Commission (“TWCC”)
found Ward had sustained a compensable injury to her lower back; Continental,
Quanex’s workers= compensation insurance carrier, was not relieved of
liability because of Ward’s failure to timely notify her employer; and Ward was
entitled to temporary income benefits. 
On September 28, 1998, a TWCC appeals panel affirmed the hearing officer’s
decision.  Continental appealed the TWCC decision
to the district court.[1]  

On May 19, 1999, Continental sent a copy of its request for
admissions to Ward by certified mail. 
Ward did not respond to the requests for admissions.  At a pre-trial conference on February 8,
2001, Continental announced to the trial court its intention to file a motion
to deem requests admitted.  On February
13, 2001, Ward filed her response to the request for admissions.  On February 26, 2001, the trial court deemed
the requests admitted and entered judgment in favor of Continental.  

                                                     II. 
Deemed Admissions

In her first three issues, Ward asserts the trial court erred
in deeming her admissions admitted.  When
a party does not return answers to requests for admissions within thirty days,
the matters in the requests are deemed admitted against that party.  Wal-Mart Stores, Inc. v. Deggs, 968
S.W.2d 354, 355 (Tex. 1998) (citing Tex.
R. Civ. P. 169).[2]  The trial court may allow the party to
withdraw the admission if the party shows good cause for the withdrawal, and if
the trial court finds the party relying on the deemed admissions will not be
unduly prejudiced and the presentation of the merits will be subserved by the
withdrawal.  Tex. R. Civ. P.
198.3.  A party can establish good cause
by showing that its failure to answer was accidental or the result of mistake,
rather than intentional or the result of conscience indifference.  Stelly v. Papania, 927 S.W.2d 620, 622
(Tex. 1996).  Because the trial court has
broad discretion in permitting or denying the withdrawal of deemed admissions,
the appellate court should set aside the trial court’s ruling only if, after
reviewing the entire record, it is clear the trial court abused its
discretion.  Id. 

Ward did not respond to Continental’s request for admissions
until 21 months after Continental had sent them to her.  When she finally responded, Ward did not
state she had good cause for having failed to timely respond.  When no answer or motion for additional time
is filed, requests are automatically deemed admitted without the necessity of a
court order.  Tex. R. Civ. P. 198.2(c); Steffan
v. Steffan, 29 S.W.3d 627, 630 (Tex. App.CHouston [14th Dist. 2000, pet.
denied).  Once the time period on the
request had lapsed, it was Ward’s burden to file a motion showing good cause
for striking the deemed admissions.  Tex. R. Civ. P. 198.3.  

Ward’s failure to timely answer the requests for admissions,
timely file written objections, or obtain leave of court to file her late
responses resulted in each request for admission being deemed admitted.  Barker v. Harrison, 752 S.W.2d 154,
155 (Tex. App.CHouston [1st Dist.] 1988, writ dism’d
w.o.j.); Laycox v. Jaroma, Inc., 709 S.W.2d 2, 3 (Tex. App.CCorpus Christi 1986, writ ref’d
n.r.e.); Henke Grain Co. v. Keenan, 658 S.W.2d 343, 347 (Tex. App.CCorpus Christi 1983, no writ).  Because Ward failed to show good cause for
failure to respond to Continental’s request for admissions, the trial court did
not abuse its discretion in deeming the admissions.  Ward’s first three issues are overruled. 








In her fourth issue, Ward claims the trial court erred in
entering judgment in favor of Continental. 
We disagree.  A review of the
deemed admissions reflects that the admissions support the trial court’s
findings of fact.  The findings show Ward
did not sustain a compensable injury, did not timely report her injury to her
employer, did not provide timely notice of her injury to the TWCC, did not
suffer a period of total or temporary disability, did not sustain an
aggravation of a prior injury, and was able to obtain and retain employment
equivalent to her pre-injury wage. 
Therefore, the trial court did not err in entering judgment in favor of
Continental.  See Barker, 752
S.W.2d at 155 (affirming trial court judgment on ground deemed admissions
established all essential elements of case). 
Ward=s fourth issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed October 24, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Ward also
filed a claim for an injury sustained to her right hand and shoulder.  The TWCC denied her claim.  Ward did not appeal that decision.  





[2]  Rule 169 was
repealed effective January 1, 1999.  The
rule regarding requests for admissions is currently found at Tex. R. Civ. P. 198 without substantive change.