# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00115-CV

**Mazen Ghashim, Appellant**

**v.**

**The State of Texas; The City of Houston, Texas; and The Transit Authority of Houston, Texas, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. GV100557, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING**

---

## O P I N I O N

This is an appeal from a judgment against an individual for delinquent sales taxes incurred by a corporation. Following a trial to the court, appellant Mazen Ghashim appeals from a judgment awarding the appellees the State of Texas, the City of Houston, and the Transit Authority of Houston (collectively Athe State@) past-due sales taxes incurred by Aleppo=s Grille, Inc., from July 1, 1998 through January 31, 1999. Ghashim contends that he is not individually liable for the sales taxes incurred by the corporation and that (1) the evidence is legally and factually insufficient to support the judgment; (2) the court erred in admitting

the State=s exhibits over his objections; and (3) he established the affirmative defense of estoppel. We will affirm the district court=s judgment.

## Background

The State commenced proceedings against Ghashim to collect past due sales taxes contending that Ghashim, as a responsible individual and corporate officer of Aleppo=s Grille, Inc., was personally liable for the sales and use taxes, interest and penalties in amounts shown on certificates of delinquency issued by the Texas Comptroller of Public Accounts. *See* Tex. Tax Code Ann. ' 111.016 (West 2001). Ghashim filed a verified answer and asserted the affirmative defenses of estoppel and bankruptcy.

At trial, the district court overruled Ghashim=s hearsay objection and admitted as evidence the comptroller=s Certificate to the Attorney General of Sales and Use Tax Delinquency for July 1998 through January 1999. The certificate set out the amount of state, city and transit tax delinquency. Ghashim testified that during the tax liability period at issue he was the president of Aleppo=s Grill, Inc., he owned fifty percent of the shares of stock in the corporation, he had check writing authority for the corporation, and he signed the corporation=s state sales and use tax returns. Ghashim does not dispute that the amounts reflected on the comptroller=s certificate were collected as sales tax by the corporation during the liability period at issue. When asked whether the corporation owed the taxes, Ghashim answered, A[I]t did.@ Ghashim also testified that he and his corporate partner decided to pay the sales tax collected by the corporation to entities other than the State. The State also introduced evidence that Ghashim signed checks on behalf of

the corporation to the State during the tax liability period for partial payment of the corporation=s reported sales tax liability.

Ghashim presented evidence that in late 1999, the comptroller notified him that she had released a tax lien filed in error under his individual tax identification number. After releasing that lien, the State then assessed a new tax lien against Ghashim, individually, for the liability period at issue for the sales tax incurred by the corporation under the responsible individual provision of the tax code. Ghashim also presented evidence that he had been through a personal bankruptcy proceeding. He argued that as a result of the bankruptcy proceeding, the sales tax delinquency at issue was discharged.

The district court determined that Ghashim was a responsible individual and was liable for the sales taxes incurred by the corporation during the liability period at issue. The court ordered Ghashim to pay the amounts set forth in the Comptroller=s certificate: (1) the State of Texas $6,719.37 as sales taxes, penalties and interest; (2) the City of Houston $1,075.11 as city sales taxes and penalties and interest; and (3) the Houston Transit Authority $1,075.10 as transit authority sales taxes, penalties and interest. Additionally, the district court assessed court costs and attorney=s fees against Ghashim. The district court determined in its findings of fact that although the sales tax liability was originally incurred by Aleppo=s Grille, Inc., Ghashim was president of the corporation, had signed the state sales tax returns for the liability period at issue, had signature authority on the corporation=s checking account, and was an individual who made the decision, on behalf of the corporation, to pay the sales tax to entities other than the State. The court concluded that Ghashim was a responsible individual as that term is used in section 111.016 of the tax code.

3

Further, the court concluded that the sales taxes at issue were not discharged in Ghashim=s individual federal bankruptcy proceeding.

**Discussion**

*Sufficiency of the evidence*

In his first two issues, Ghashim contends that legally and factually insufficient evidence supports the judgment. Specifically, he contends that the State failed to prove that he, individually, had collected any sales tax.

A court=s findings of fact are reviewable for legal and factual sufficiency of the evidence to support them under the same standard used to review jury findings. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). In considering legal sufficiency, we review all of the evidence in the light most favorable to the prevailing party, indulging every inference in that party=s favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). In considering factual sufficiency, we review all of the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Westech Eng=g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex. App.CAustin 1992, no writ).

Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected. Tex. Tax Code Ann. ' 111.016(a). Further, an individual who controls or supervises the collection of tax or money from another person, or an individual who controls or supervises the accounting for and paying over of the tax or money, and who willfully fails to pay or cause to be paid the tax or money is liable as a responsible individual for an amount equal to the tax not paid. *Id.* ' 111.016(b). A comptroller=s certificate, when admitted into evidence, is *prima facie* evidence that, if unrebutted, establishes as a matter of law the stated amount of delinquent taxes owed. *Id.* ' 111.013(a) (West 2001); *N.S. Sportswear, Inc. v. State*, 819 S.W.2d 230, 232 (Tex. App.CAustin 1991, no writ).

Ghashim contends that the State was required and failed to prove how much sales tax money he personally had physically collected. For this contention, Ghashim cites *Parker v. State*, 36 S.W.3d 616 (Tex. App.CAustin 2000, no pet.). Ghashim has misinterpreted *Parker*. In *Parker*, the issue was not how much sales tax was collected by the defendant as an individual, but rather, how much sales tax was collected by the corporation. *Id.* at 617. In *Parker*, because the corporation used the accrual method of accounting, sales taxes might be charged during a particular tax liability period and actually collected during a different tax liability period. The *Parker* court held that the State failed to prove the amount of sales tax actually collected *by the corporation*, not the responsible individual defendant, during the tax liability period. *Id.* at 619.

In contrast to the corporation in *Parker,* which sold items on credit and had an average collection time of sixty days, Allepo=s Grill was a restaurant whose customers paid for food as it was sold to them; the restaurant collected sales tax at the time it received payment. Unlike the *Parker* case, there was no evidence presented that the restaurant made sales on credit or utilized an accrual method of accounting and tax reporting. Moreover, in *Parker*, the defendant specifically denied that the sales tax had been collected during the liability period; by contrast Ghashim does not deny that the corporation collected the delinquent sales taxes during the period. Finally, there is no statutory requirement that Ghashim must have physically received or collected the sales tax in person. To require such would be inconsistent with the statutory provision that imposes liability on a responsible individual who is under a duty to account for and pay over the tax. *See* Tex. Tax Code Ann. ' 111.016. We hold that legally and factually sufficient evidence supports the district court=s findings that Ghashim was a responsible individual who controlled or supervised the accounting for and paying over of the sales taxes, and who willfully failed to pay the corporation=s sales taxes. Ghashim=s first two issues are overruled.

***Admission of evidence***

In his third issue, Ghashim contends that the district court abused its discretion in admitting the comptroller=s certificate of delinquency because it was hearsay evidence. In a suit for collection of taxes, a certificate by the comptroller showing an amount of tax delinquency constitutes *prima facie* proof of the tax and the amount of the tax owed, and the certificate is accorded the presumption of correctness. *See Robinson v. Bullock*, 574 S.W.2d 882, 883 (Tex. Civ. App.CAustin 1978, writ ref=d n.r.e.); *see also*

6

Tex. Tax Code Ann. ' 111.013(a); Tex. R. Evid. 902(1), (11). Here, the comptroller=s certificate was admissible and constituted *prima facie* evidence of the State=s claims for delinquent taxes against Ghashim. We hold that the district court did not abuse its discretion in admitting the comptroller=s certificate and that Ghashim failed to show that the district court=s ruling was erroneous and that error, if any, was calculated to cause and probably did cause the rendition of an improper judgment. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); Tex. R. App. P. 44.1. Ghashim=s third issue is overruled.

*Estoppel*

Finally, Ghashim contends that the State is estopped from suing him for the delinquent sales taxes because the comptroller previously released a tax lien filed against him in error. To prevail on a claim of estoppel, a party must establish the following: (1) a false representation or concealment of material facts; (2) made with actual or constructive knowledge of those facts; (3) to a party without knowledge or the means of knowledge, of those facts; (4) with the intention that it should be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. *Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952). It was Ghashim=s burden to plead, prove and secure findings on these elements. *See Woods v. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). Since he failed to do so he has waived this contention.

In any event, at trial, the State explained that the comptroller released a tax lien erroneously filed against Ghashim. Subsequent to the release, the State filed the lien at issue against Ghashim pursuant to

the responsible individual provision of the tax code, section 111.016.  Thus, the released tax lien was different from the delinquent taxes at issue.  Ghashim=s fourth issue is overruled.

**Conclusion**

We conclude that the State established that the amount of tax represented on the comptroller=s delinquency certificate was received or collected by Allepo=s Grille, Inc., and that Ghashim was a responsible individual who controlled or supervised the accounting for and paying over of the sales taxes collected by the corporation during the liability period at issue.  We affirm the district court=s judgment.

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   March 27, 2003

8