# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00603-CV

**Maria Ana Milazzo, Appellant**

**v.**

**The State of Texas, The City of Bryan, Texas, and The County of Brazos, Texas, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT NO. D-1-GV-06-000151, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State of Texas, the City of Bryan, Texas, and the County of Brazos, Texas (collectively, "the State"), acting through the Texas Attorney General, sued Maria Ana Milazzo for unpaid sales and use taxes. The Texas Comptroller of Public Accounts issued a certificate showing the amounts Milazzo owed, and the State used the certificate as evidence to obtain summary judgment. On appeal, Milazzo argues that the district court (1) wrongly granted summary judgment when a genuine issue of material fact existed and (2) wrongly refused to grant a new trial when newly discovered evidence showed the Comptroller's certificate was erroneous. We will affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, the State sued Milazzo for unpaid sales and use taxes. The State attached to its petition a certificate of tax delinquency issued by the Comptroller of Public Accounts.

Milazzo responded to the State's petition by filing a general denial.[1]  The State successfully moved for summary judgment a short time later.

Milazzo subsequently moved for a new trial, contending she possessed newly discovered evidence that the Comptroller had employed erroneous assumptions in calculating her debt.  The district court denied Milazzo's motion, and Milazzo perfected this appeal.

## STANDARD OF REVIEW

A motion for summary judgment is properly granted when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991).  In reviewing a grant of summary judgment, we take as true all evidence favorable to the nonmovant, making every reasonable inference and resolving all doubts in the nonmovant's favor.  *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

## DISCUSSION

Milazzo raises two points of error on appeal.  First, she argues that the trial court erred in granting summary judgment when there were genuine issues of material fact.  Second, she argues that the trial court erred in disregarding material evidence Milazzo submitted with her Motion for New Trial.  This evidence, she argues, showed that the Comptroller miscalculated Milazzo's tax debt.

Regarding her first point of error, Milazzo argues that she initially did not know how the Comptroller had calculated her tax debt.  She claims that at the hearing on the State's

---

[1] Milazzo filed the denial pro se and has proceeded pro se throughout this litigation.

2

summary judgment motion, the State represented that the Comptroller had not assessed taxes for a period of time during which Milazzo was incarcerated. Milazzo appears to contend that a genuine issue of material fact existed because, despite the State's representation, the Comptroller did in fact assess taxes for that period and also overestimated Milazzo's income for another period.

Regarding her second point of error, Milazzo argues that after summary judgment was entered against her, she spoke with a representative of the Comptroller and learned how her tax debt had been calculated. Upon learning that the Comptroller's calculation had relied on allegedly erroneous assumptions, Milazzo filed a Motion for New Trial. She attached to her Motion business receipts allegedly showing the Comptroller's errors. Milazzo also claims to possess proof she was incarcerated for part of the time included in the Comptroller's tax assessment, though it is not clear whether she attached that proof to her Motion.

Milazzo misperceives the dispositive issue. Even if the facts are exactly as she claims, the Texas Tax Code bars her from obtaining relief. Tax Code section 111.013(a) states:

> In a suit involving the establishment or collection of a tax imposed under Title 2 or 3 of this code, a certificate of the comptroller that shows a delinquency is prima facie evidence of:
> (1) the stated tax or amount of the tax, after all just and lawful offsets, payments, and credits have been allowed;
> (2) the stated amount of penalties and interest;
> (3) the delinquency of the amounts; and
> (4) the compliance of the comptroller with the applicable provisions of this code in computing and determining the amount due.

Tex. Tax Code Ann. § 111.013(a) (West 2008). Tax Code section 111.013(b) states:

> The defendant may not deny a claim for taxes, penalties, or interest unless the defendant timely files a sworn written denial that specifically identifies the taxes, penalties, and interest the defendant asserts are not due and the amounts of tax, penalties, and interest that are not due.

3

*Id*. § 111.013(b). Thus, under the Tax Code, when the State filed its petition, the Comptroller's certificate constituted prima facie evidence that Milazzo owed the amount alleged. If Milazzo wanted to contest that amount, the Tax Code required her to file a sworn denial specifically identifying errors in the Comptroller's certificate. Milazzo did not do so, but rather filed an unsworn answer that said in its entirety, "Respondent enters a general denial." As a result, the Comptroller's certificate of delinquency became conclusive evidence entitling the State to summary judgment. *See Ghashim v. State*, 104 S.W.3d 184, 187 (Tex. App.—Austin 2003, no pet.) ("A comptroller's certificate, when admitted into evidence, is prima facie evidence that, if unrebutted, establishes as a matter of law the stated amount of delinquent taxes owed."). Milazzo's two issues are overruled.

## CONCLUSION

For the reasons stated above, we affirm the district court's summary judgment for the State.

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 31, 2009