Chester A. OEHLER, Appellant,

v.

Carl A. OEHLER, Appellee.

No. 11555.

Court of Civil Appeals of Texas.

Austin.

Dec. 13, 1967.

Rehearing Denied Jan. 3, 1968.

Chester A. Oehler, Dallas, James R. Lindley, Killeen, for appellant.

Tom A. Carlile, Killeen, Arthur O'Conner, Belton, Cofer, Cofer & Hearne, Hume Cofer, Thomas H. Nation, Austin, for appellee.

HUGHES, Justice.

This appeal is from a judgment dismissing a suit brought by Chester A. Oehler, appellant, against Carl A. Oehler for want of prosecution. The suit was filed October 4, 1960.

The statement of facts in this case reflects that this case was called for trial on March 27, 1967, and appellant announced that he was ready based on his motion for continuance filed the same day and handed to the trial judge with the statement by counsel for appellant that he would be ready for trial in the morning and requested the court to select a jury, read the pleadings and recess until March 28.

Counsel for appellee orally objected to the continuance on the ground that his client and witnesses were present ready for trial; that the case had been dismissed for want of prosecution in 1965, and that the present setting for trial was made in January and appellant had ample opportunity to be prepared for trial.

Appellant thereupon made a motion for judgment in his favor on the pleadings since they were in the form of a sworn account and no sworn denial had been filed. The following proceedings immediately transpired:

"THE COURT: The plaintiff's motion for verdict is denied on the ground that no motion for summary judgment has been filed.

Among other reasons, plaintiff's motion for continuance is denied for the reason that this case has been set—has been filed since October 4th, 1960, and has been given preferential settings before, and plaintiff has never been ready.

Further, this suit was dismissed on September 1st, 1965, for lack of prosecution and was later reinstated on motion of the plaintiff.

Motion for continuance is further overruled for the further reason that this case was given a preferred setting in January, 1967—

MR. LINDLEY: The defendant wasn't ready that time, Your Honor.

THE COURT: —pre-trial has been had, the defendant and jury panel are present in court and all defense witnesses are present.

Plaintiff's motion for continuance, filed in this case today, states merely that there is a substantial probability that the plaintiff will be in court on March 28, but gives no assurance— * * *

THE COURT: That plaintiff's motion is, therefore, denied; and this case, being Chester A. Oehler versus Carl A. Oehler, Number 39,021–B, in the 146th District Court of Bell County, Texas, is hereby dismissed for lack of prosecution."

We quote the following from appellant's motion for continuance which was filed March 27, 1967, and which the trial court denied:

"NOW COMES Chester A. Oehler, plaintiff in the above entitled and numbered cause, and makes this his first application for a continuance, and being duly sworn, says that he cannot go to trial on account of his absence and is a witness therein on his own behalf as and for the plaintiff of substantially all of plaintiff's pleadings which are here referred to and included herein for all purposes as fully as if herein copied; that plaintiff is an Attorney at Law and has for more than one (1) month been engaged in various phases of a land dispute case in Denton County, Texas, being Conway vs. Irick, No. 66–852 in the 16th Judicial Court of Denton County, Texas; wherein on March 23, 1967 the Judge of said Court by order illegally imprisoned Affiant's clients and it is absolutely necessary that Affiant, as their attorney, be in attendance in the Court of Civil Appeals in Fort Worth, Texas on March 27, 1967 to present a Writ of Prohibition Application and Application for a Writ of Habeas Corpus to obtain the release of said Conways, and that there is a substantial probability that such matter which has been in continuous progress upon institution since February 2, 1967 cannot be concluded on March 27, 1967, but if it can be concluded on March 27, 1967, Affiant as plaintiff in the above entitled and numbered cause will make every effort to be here on March 28, 1967, if the Court doesn't grant a continuance of this case to another special setting or the next term of court. In this connection Affiant further says that such case in Denton County, Texas, has resulted in a severe mental and physical strain upon Affiant and has resulted in many other cases on his docket as being passed and resulted in a general pile up of work; and Affiant has been advised by his doctor repeatedly during the last week that he should take a complete rest or suffer a possible breakdown; and that this continuance is not sought for delay only, but that justice should be done.

WHEREFORE, plaintiff prays the court to continue this cause to the next term of court."

We also quote the following from a motion to dismiss for want of prosecution dated March 27, 1967, sworn to by appellee on April 6, 1967, and filed April 7, 1967:

"The Defendant makes this motion that the above entitled and numbered cause be dismissed for want of prosecution for the following reasons, to-wit:

(1) That said case has been pending in this Court since the year 1960;

(2) That said case was dismissed once for want of prosecution and was re-instated by the Plaintiff in the year 1965;

(3) That each time Plaintiff asked for a setting in this case, he insisted on a preferential setting, and said case was set for trial in January, 1967, for March 27, 1967, with a preferential setting;

(4) That Defendant was present in Court with his witnesses prepared to testify and the jurors had been duly summoned and were present in the Court Room, and that the Defendant had announced ready on the date of the preferential setting on March 27, 1967."

The judgment of dismissal was entered May 12, 1967, from which we quote:

"ON THIS 27th day of March, 1967 came on to be heard the above entitled and numbered cause. Plaintiff appeared through his attorney of record, James R. Lindley, and the Defendant appeared in person with his attorneys of record, Tom A. Carlile and Arthur O'Connor. The Court asked the Plaintiff if he was ready. The Plaintiff's attorney submitted a sworn statement for a motion for continuance stating that the Plaintiff was engaged in a writ of prohibition in the Court of Civil Appeals in Fort Wor.h, Texas, and asking that the case be continued to a later date or to the next term of Court.

The Court then asked the Defendant if he was ready and the Defendant through his attorney, Tom A. Carlile, stated that the Defendant was ready. The Defendant opposed the motion for continuance, stating that said case had been pending since the year 1960, and had had a preferential setting since January, 1967. The Defendant's attorney further pointed out to the Court that said cause had been dismissed once before for want of prosecution, and that the Defendant was present in Court with his witnesses and prepared to testify. The Defendant further stated that the jury was present in the Court Room.

The Court having considered the motion and Defendant's objections to the motion, is of the opinion that Plaintiff's motion for a continuance should be denied, and that said case should be dismissed for want of prosecution for the following reasons, to-wit:

(1) That said case has been pending in this Court since the year 1960;

(2) That said case was dismissed once for want of prosecution and was re-instated by the Plaintiff in the year 1965;

(3) That each time Plaintiff asked for a setting in this case, he insisted on a preferential setting, and said case was set for trial in January, 1967, for March 27, 1967, with a preferential setting;

(4) That Defendant was present in Court with his witnesses prepared to testify and the jurors had been duly summoned and were present in the Court Room;

(5) That Plaintiff's motion for a continuance alleging that Plaintiff was unable to attend because of illness was not supported by a doctor's affidavit;

(6) That Plaintiff's attorney requested that the jury be retained and the trial begin the next morning. The Court noted that the written motion for continuance merely stated that there was only

a good probability that Plaintiff would be able to be in Court the following day.

The Court after duly considering said motion is of the opinion that said motion for a continuance should be denied and that said case should be dismissed for want of prosecution at Plaintiff's costs.

It is therefore ORDERED, ADJUDGED AND DECREED that the above entitled and numbered cause be dismissed for want of prosecution at Plaintiff's costs, and it is so ORDERED.

The attorney for the Plaintiff then submitted a motion that judgment be entered for Plaintiff because said suit was a suit on sworn account for attorney's fees and had not been denied under oath by the Defendant as required by the Rules of Civil Procedure.

The Court having duly considered said motion is of the opinion that it should be overruled and denied for the following reasons:

(1) That Plaintiff never at any time announced that he was ready prior to making the motion for judgment;

(2) That the last pleading of the Defendants was sworn to by the Defendant, Carl A. Oehler, according to law.

It is therefore ORDERED, ADJUDGED AND DECREED that Plaintiff's motion be over-ruled."

On May 22, 1967, appellant filed a motion to reinstate his suit and on June 9, 1967 filed his affidavit in support of such motion.

The record does not disclose that any hearing was conducted on this motion to reinstate.

Appellant has two points to the effect that the trial court erred in not postponing or continuing the case.

We cannot consider these points for the reason that they are not supported by assignments of error in the motion for a new trial. (Motion to reinstate is so considered) Rule 325, Texas Rules of Civil Procedure.

Appellant has two points the effect of which is that the trial court erred in summarily dismissing his suit for want of prosecution without giving him an opportunity to announce ready for trial and in refusing to set his motion to reinstate for a hearing.

Accompanying the motion to reinstate was the following letter from appellant's attorney, dated May 20, 1967, addressed to the District Clerk of the court below, copies of which were shown to have been sent to the District Judge and the attorneys for appellee.

"Dear Mr. Taggart:

Enclosed please find Plaintiff's Motion to Reinstate which I would appreciate your filing in the papers of this cause on the date that it is received.

I would then appreciate your discussing this with the Honorable W. A. Messer, and having a hearing set on this motion at his earliest convenience.

Copies of this order have been mailed to Mr. Tom A. Carlile, and Mr. Arthur O'Connor, attorneys for the defendant."

It is our opinion that these points should be sustained. The rule we rely upon is found in Callahan v. Staples, 139 Tex. 8, 161 S.W.2d 489, from which we quote:

"Where the defendant in a suit is called to answer and has responded to the call, the duty devolves on the plaintiff to proceed in prosecuting the suit to a conclusion with reasonable diligence, and whenever a delay of an unreasonable duration occurs, such delay, if not sufficiently explained, will raise a conclusive presumption of abandonment of the plaintiff's suit, and a discontinuance results. However, since the discontinuance must be based on a factual situation involving lack of due diligence, same does not and cannot become effective until the basic facts are adjudicated by the court.

Whenever the hearing for such adjudication is had, the plaintiff has the right to be heard to explain, if he can, his delay in prosecuting his suit."

See also Bevil v. Johnson, 157 Tex. 621, 307 S.W.2d 85.

 The record discloses that in one and the same sentence appellant's motion for continuance was denied and the suit dismissed for want of prosecution without any opportunity being afforded appellant to explain the delay in bringing the suit to trial. That appellant does have an explanation is reflected by the lengthy affidavit filed in support of his motion to reinstate. We will not comment upon the substance of this affidavit except to say that if it is established, the facts proved along with other relevant facts which may be proved should "be adjudicated by the Court."

For the error thus committed, this cause must be reversed and remanded.

We digress to say that when a motion for continuance is denied the trial court should, nevertheless, proceed to call the case for trial in the usual manner. See Rule 247, T.R.C.P.

Appellant's two remaining points are, in substance, that the trial court erred in not granting him judgment on the pleadings.

These points are overruled. The only petition filed by appellant which was in the form of a suit on a sworn account was his second amended original petition filed March 20, 1967.

 It does not appear that this petition was filed with leave of court. Rule 63, T.R.C.P. provides, in part, that any amended pleading offered for filing "within seven days of the date of trial" shall be filed only after leave of the judge is obtained. We construe the words "within seven days" to mean "seven days before" and that Rule 4, T.R.C.P., requires that the date of trial be included in computing this period, although the date the amendment is offered

for filing shall not be included. See Glenn v. Garrett, 84 S.W.2d 515, Tex.Civ.App. Amarillo, n. w. h., 52 Am.Jur., p. 351.

Thus the sworn account pleading was not properly before the Court for consideration. Medina v. Sherrod, 391 S.W.2d 66, Tex. Civ.App., San Antonio, n. w. h.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.