**SWEENY BANK, Appellant,**

v.

**RITCHIE, HOPSON & ASSOCIATES, INC., Appellee.**

No. B2941.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 28, 1982.

Rehearing Denied Feb. 25, 1982.

Jimmy D. Ashley, Houston, for appellant.

C. Ed. Harrell, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and SAM ROBERTSON, JJ.

SAM ROBERTSON, Justice.

This is an appeal from a summary judgment in favor of appellee, garnishor in the trial court, granting recovery on a post judgment writ of garnishment. We affirm.

The original judgment, from which this garnishment arose, was against appellee's

debtor in the amount of $5,630.15 with interest and costs. Appellee applied for writ of garnishment in September, 1980, and appellant answered by unsworn general denial. In January, appellee filed a motion for summary judgment, with notice to appellant, contending appellant's answer was legally insufficient for failure to follow the prerequisites of Tex.R.Civ.P. 665. On Monday, February 16, 1981, appellant filed an amended answer which complied with the above rule, admitted an indebtedness to the original debtor of $1,392.62, and claimed an offset of $113,181.39 based on the debtor's promissory notes and a security agreement. The Monday following, February 23, the trial court granted appellee's motion for summary judgment subject to a consideration of whether appellant had a right to file its amended answer on February 16 and no written response to the motion for summary judgment. On August 14, 1981, the court signed the judgment here appealed from granting appellee recovery of $7,443.40 with interest.

In its first point of error, appellant contends that the trial court erred in granting summary judgment in that the proper remedy was a default judgment. While it is true Tex.R.Civ.P. 667 allows entry of a default judgment in garnishment proceedings, we know of no rationale to support a ruling that it is the exclusive remedy or even an improper remedy in such a situation. Summary judgment has, in fact, been allowed by our courts in the past. *Ranchers & Farm Liv. Auc. Co. v. First St. Bank*, 531 S.W.2d 167 (Tex.Civ.App.—Amarillo 1975, writ ref'd n. r. e.); *Frankfurt's Texas Invest. Corp. v. Trinity S. & L. Ass'n*, 414 S.W.2d 190 (Tex.Civ.App.—Dallas 1967, writ ref'd n. r. e.). In the situation before us, appellee could have sought a default judgment but chose instead to move for summary judgment under Tex.R.Civ.P. 166–A. Appellant could have responded to the motion for summary judgment but chose not to do so. Tex.R.Civ.P. 166–A(c) and our Supreme Court in *The City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979) make it clear that any issue not "expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." Appellant's first point of error is overruled.

In its second point of error, appellant contends the summary judgment was erroneously granted because its pleadings were timely amended. The record before us reveals that appellant filed a general denial in October, 1980. Appellee's motion for summary judgment, filed in January, 1981, alleged this answer was insufficient at law for failure to make "true answers to the several matters inquired of in the writ of garnishment" under oath as required by Tex.R.Civ.P. 665. Appellant made no written response to the motion. The amended answer which appellant urges was timely filed has a filing date of Monday, February 16, 1981, one week before the date of the hearing on appellee's motion for summary judgment.

The question before us, then, is whether appellant's amended answer was filed timely in accordance with Tex.R.Civ.P. 63, which requires "any amendment offered for filing within seven days of the date of trial" to be "filed only after leave of the judge is obtained...." Appellant did not request leave and was apparently under the impression that its amended pleading did not fall within this seven day time period. Tex.R.Civ.P. 4 provides, in part, that computations of time periods begin on the day *after* the day of the act or event which begins the time. Thus, the seven day period began on Tuesday, February 16, the day *after* appellant filed its amended answer. Our courts have construed the phrase *"within seven days of the date of trial"* in Tex.R.Civ.P. 63 to mean "seven days *before*" (italics added) the date of trial. *Oehler v. Oehler*, 422 S.W.2d 240, 244 (Tex.Civ.App.—Austin 1967, ref'd n. r. e.). Therefore, an amended pleading "filed on a Monday before trial on the following Monday" comes within the seven day period during "which leave of the Court first must be obtained." *Dillingham v. Lynch*, 516 S.W.2d 694, 704 (Tex.Civ.App.—Austin 1974, ref'd n. r. e.).

Appellant's amended answer was, therefore, not properly before the court and its original answer, an unsworn general denial was defective when measured by the requirements of Tex.R.Civ.P. 665 as appellee alleged in its motion for summary judgment. Appellant's second point of error is overruled.

 Having concluded that appellant's amended answer was not timely filed and that summary judgment is an available remedy in garnishment proceedings, we turn to appellant's final contention.

In its third point of error, appellant contends the trial court erred in granting summary judgment for $7,443.40 because appellee's indebtedness to the original debtor was only $1,392.62 and appellee claimed an offset based on a security agreement. We note, first, that the indebtedness to appellee and the security agreement are issues raised by the amended pleading discussed above. They are not otherwise before this court and were not, since the amended pleading was not timely filed, before the trial court.

In view of these facts, the question before us is whether the trial court erred in granting judgment for the full amount of the original debtor's indebtedness against a garnishee who filed a defective answer. It is clear that a default judgment is proper in such a circumstance. *American Exp. Co. v. Monfort Food Dist. Co.*, 545 S.W.2d 49 (Tex. Civ.App.—Houston [14th Dist.], no writ); *Freeman v. Miller*, 51 Tex. 443 (1879).

In *Gray v. Armour & Co.*, 129 Tex. 512, 104 S.W.2d 486 (1937), the court, construing requirements under a prior garnishment statute, pointed out:

Prior decisions . . . must be construed as clearly establishing the rule that if the answer filed does not contain responses to all inquiries required to be answered in order to furnish the basis for discharge . . . then the answer may be regarded as insufficient, even in the absence of exceptions or a controverting affidavit, and judgment by default may be entered against the garnishee. *Id.* 104 S.W.2d at 487.

The court also notes a garnishee's right to amend its answer when faced with objections to its sufficiency. Nevertheless, where, as here, the garnishee's amendment is not timely filed and is not before the trial judge who must rule on the question before him, we find no error in his so ruling, provided the judgment is a proper remedy under the circumstances. Having already concluded that summary judgment is a proper remedy, we therefore think it follows that the trial court was authorized to render judgment for the full amount.

Accordingly, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.