**John Laroy GRIFFITH, Appellant,**

v.

**Dorothy Faye GRIFFITH, Appellee.**

**No. 12–91–00297–CV.**

Court of Appeals of Texas,
Tyler.

Aug. 12, 1993.

Rick McPherson, Carthage, for appellant.

Chad Dean, Henderson, for appellee.

HOLCOMB, Justice.

This case comes to this Court by writ of error after a default judgment in a suit to recover past due and future payments owed to the wife under an agreement incident to divorce. We will grant the petition, reverse the judgment and remand for a new trial.

In September 1986, in anticipation of divorce, the Griffiths signed an "Agreement Incident to Divorce" ("AID"). The Griffiths were divorced on October 23, 1986. The AID required Appellant to pay $300.00 per month in contractual alimony to Appellee, to pay her rent and utilities, certain car expenses, the cost of replacement cars as agreed upon by the parties, and medical expenses not covered by insurance or public assistance. In return, Appellant received all real property acquired during the marriage. Appellant made all of the payments as they came due until November 1990, but has made no payments since. Appellee filed suit on January 29, 1991, and although he was properly served, Appellant did not answer or otherwise enter an appearance. On March 5, 1991, Appellee took a default judgment. The judgment awarded Appellee $499,640.01 in damages and $199,856.00 for attorney's fees. The future damages were calculated by taking the average past monthly expenses of $1,464.80 and multiplying by 333.6, Appellee's life expectancy in months. This future loss of $488,657.28 was added to the arrearage of $10,982.73. The attorney's fees were calculated by taking 40% of $499,640.01.

In order for this Court to review the record by writ of error, Appellant must prove four elements: "(1) [the petition] must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the rec-

ord." *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390, 392 (Tex.1982); *Robertson v. Hide–A–Way Lake Club, Inc.,* 856 S.W.2d 841 (Tex.App.–Tyler 1993, no writ). All parties agree that the first three elements are met. By three points of error, Appellant argues that the fourth is also shown; that error is apparent from the face of the record. This Court may review both the transcript and the statement of facts as well as all papers on file in the appeal. *DSC Finance Corp. v. Moffitt,* 815 S.W.2d 551 (Tex.1991).

In his first point of error, Appellant argues that the judgment is erroneous on its face because Appellee pled the present value of future monthly payments and future damages were not reduced to their present value. Appellee concedes that the future damages should be reduced by 6%, according to TEXAS REVISED CIVIL STATUTES ANN. art. 5069–1.03, and suggests an "appropriate remedy would be for the Court of Appeals to modify the judgment and grant a remittitur using the legal interest rate of six (6%) percent." Thus, by the agreement of both parties, we sustain Appellant's first point of error.

■ By his second point of error, Appellant argues that there was no evidence to support future damages for a replacement car. The AID required Appellant to be responsible for the "purchase of another car, as needed, the vehicle purchased, to be agreed upon by and between the parties." The evidence shows that Appellant bought Appellee a used car, but there is no evidence of the age of the car when it was bought, its style, size, or any other feature. There is evidence that Appellee called two dealerships and was told that a lease of a new car was "probably the best bet." It cannot be reasonably expected that in the future Appellant would cooperate in the purchase of a replacement car. However, it is reasonable for Appellee to have expected cars of similar size, style, and value. Since there is only evidence of what a lease for a new car is, there is no evidence of what would reasonably be "agreed upon by and between the parties." Thus, there is error on the face of the record. Point of error two is sustained.

■ By his last point of error, Appellant argues that there is no evidence to support future medical expenses. The AID required Appellant to pay all medical expenses, including prescription drugs. Appellee showed that her doctors bills, over a time period of four years, averaged $52.00 per month and drugs averaged $210.00 per month. Appellant argues that this is not expert testimony and does not establish that the bills are reasonable. The AID does not distinguish between bills that are and those that are not reasonable; it requires Appellant to pay them to the extent they exceed public health insurance coverage. In regard to medical expenses, error is not apparent on the face of the record. Point of error three is overruled.

■ Appellee, in agreeing that the trial court erred when damages were calculated, prays that this Court will order a remittitur. This Court may suggest a remittitur when the trial court has refused to suggest one, and that is the sole reason for reversing a decision. TEX.R.APP.P. 85(c). And, if Appellee had submitted a proposed remittitur in this Court under the provisions of TEXAS RULE OF CIVIL PROCEDURE 315, then this Court could revise the judgment of the trial court. TEX.R.APP.P. 85(a). Neither of these rules apply under the facts of this case, since Appellee has not tendered a remittitur and the trial court never refused to suggest one. Nor is it possible for this Court, in this case, to reform the judgment under TEXAS RULE OF APPELLATE PROCEDURE 80(b)(2), by applying the 6% statutory interest rate. Appellee's attorney testified that he had a 40% contingency fee contract with Appellee and that it was "reasonable and practical under the circumstances in this case as well as the usual and customary fee" in Rusk County. There is no finding of fact that $199,856.00 was reasonable under these circumstances or if 40% was reasonable. The latter would be affected by a reduction in the damages. As the trial court correctly pointed out to the attorney, a contingency fee contract is between the client and the attorney. By statute, the party breaching a contract may be required to pay the reasonable attorney's fees of the injured party. TEX.CIV.PRAC. & REM.CODE § 38.001(8) (Vernon 1986). Since there is insufficient evidence for this Court to

determine what was reasonable, we cannot reform the judgment. Further, for the reasons given in sustaining Appellant's second point of error, we cannot reform the trial court's judgment because we cannot determine the proper damages that should be awarded.

Having sustained Appellant's points of error one and two, we grant the petition, reverse the judgment of the trial court and remand the cause for a new trial.