**EMPLOYERS INSURANCE OF WAUSAU, Appellant,**

v.

**Heriberto CONTRERAS, Appellee.**

No. 01–92–00839–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 19, 1993.

Rehearing Denied Sept. 9, 1993.

Scott Tesmer, Houston, for appellant.

Carlos Garza, Galveston, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## OPINION

DUGGAN, Justice.

This is a workers' compensation case. Appellee, Heriberto Contreras, was a maintenance mechanic and millwright for Sea Lion Chemical Company (Sea Lion). On December 13, 1989, he was injured on the job in a gas explosion and suffered burns over 29 percent of his body. The Texas Workers' Compensation Commission (TWCC) rendered its final award, and Contreras sought judicial review under TEX.REV.CIV.STAT.ANN. art. 8308–6.61 (Vernon Pamph.1993).

In the district court, Contreras raised compensation claims based on physical injuries and post-traumatic stress disorder stemming from the same incident. Following a jury trial, the trial court set aside the TWCC award and rendered judgment on the verdict

for Contreras. The court found Contreras to be totally incapacitated, awarded him a lump sum of $73,579.89 in past and future workers' compensation benefits, and declared him entitled to future workers' compensation medical benefits for the remainder of his life. Appellant, Employers Insurance of Wausau, asserts 11 points of error on appeal. We reverse and remand.

In its first point of error, Wausau complains that the trial court erred in striking its first amended answer. Wausau sought to amend its answer to add assertions that, in connection with his alleged post-traumatic stress disorder, Contreras: (a) failed to notify Wausau and Sea Lion within 30 days; (b) failed to file notice of injury and claim for compensation with the TWCC within one year; and (c) had no good cause for either of those failures.

Trial was set for Monday, April 20, 1992. That morning, immediately before jury selection began, Contreras moved to strike Wausau's amended answer, asserting that it was filed within seven days before trial. Wausau had filed its amended answer on Monday, April 13, 1992.

Wausau and Contreras both correctly assert that the timeliness of Wausau's amended answer is determined under rule 93(13) of the Texas Rules of Civil Procedure, which specifically addresses workers' compensation cases, and not rule 63, which addresses amendment of pleadings in civil cases generally. *Texas Employers' Ins. Ass'n v. Brockman*, 283 S.W.2d 817, 818 (Tex.Civ.App.—Eastland 1955, writ ref'd n.r.e.). The parties' dispute concerns the application of the seven-day time period set forth in rule 93.[1] Wausau contends that, under rule 93, the day of trial is to be excluded when counting the seven days, but the day the amended answer is filed is included; thus, an amended answer is timely when, as here, it is filed on the seventh day before trial. Contreras asserts that under rule 93, both the day of trial and the day the amended answer is filed are to be excluded when counting the seven days. Thus, seven full days must intervene between the day the amended answer is filed and the day the case is set to go to trial. Under Contreras' view, Wausau's amended answer was untimely because the last day for Wausau to timely file its amended answer was Sunday, April 12, 1992—or, in practical effect, Friday, April 10, 1992.

The parties have cited us no Texas case setting out the method for counting rule 93's seven-day period, and our own research has uncovered none. Point of error one presents a question of first impression.[2] Because rule 93 addresses workers' compensation cases specifically, we find cases construing other rules to be of little or no relevance.

Rule 1 of the Texas Rules of Civil Procedure mandates that all rules of civil procedure be given a liberal construction in order to promote "the just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." We find Wausau's interpretation to be more consistent with that objective.

In common understanding, a rule requiring, for instance, that a particular action be taken "not less than one day before the case is set for trial," would most sensibly be construed to permit taking that action as late as the day before the day of the trial setting. To interpret "not less than one day before" to mean that one full day must intervene between the requisite action and the day the case is set for trial would strain language

1. Rule 93(13) reads, in relevant part, as follows: *Any such denial* may be made in original or amended pleadings; but *if in amended pleadings* the same *must be filed not less than seven days before the case proceeds to trial.* In case of such denial the things so denied shall not be presumed to be true, and if essential to the case of the party alleging them, must be proved. (Emphasis added.)

2. Wausau does not raise an alternative contention that rule 4 of the Texas Rules of Civil Procedure applies here, such that even if Contreras is correct that both the day of trial and the day the amended answer is filed are to be excluded when counting the seven days under rule 93, its amended answer filed on Monday, April 13, was timely because rule 4 extended the deadline from Sunday, April 12 to the following day. Such a contention does not raise a question of first impression in Texas; it was addressed, and rejected, in *Old Republic Ins. Co. v. Wuensche*, 782 S.W.2d 346, 348 (Tex.App.—Fort Worth 1989, writ denied). We have no occasion here to address it again.

irrationally. Such an interpretation would equate "not less than one day before" with "not later than on the day before the day before" the trial setting. This does not conform to the plain, common-sense, intuitive meaning of that language. The reasoning should be the same when the time period in question is seven days instead of one. To hold, in the context of rule 93, that "not less than seven days before" means "not later than on the day before the seventh day before," unnecessarily and unfairly sets a trap in workers' compensation cases. We decline to do so.

We hold that when a case is set for trial on Monday, April 20, an amended pleading denying any of the matters set forth in rules 93(13)(a) through (h), complies with the rule 93 requirement that it be filed "not less than seven days before the case proceeds to trial," when it is filed on or before Monday, April 13, and is therefore timely.

The trial court erred in striking Wausau's amended answer. Both parties agree that if Wausau had been allowed to amend its answer to raise the new defenses, it would have been entitled to jury questions on the defense issues. Wausau was thereafter unable to present the defenses it sought to add in that amended answer. The error was reasonably calculated to cause, and probably did cause, rendition of an improper judgment in the case. TEX.R.APP.P. 81(b)(1).

Point of error one is sustained.

In light of our ruling on point of error one, it is unnecessary to reach the merits of the remaining points of error, and we decline to do so.

The judgment is reversed, and the cause is remanded.