EL PERIODICO, INC., Appellant,

v.

PARKS OIL COMPANY, Appellee.

No. 03–94–00235–CV.

Court of Appeals of Texas,
Austin.

March 29, 1995.

Released for Publication May 1, 1996.

Arturo R. Cantu, Ramon & Cantu, McAllen, for Appellant.

Geoffrey C. Price, Hancock & Piedfort, P.C., Austin, for Appellee.

Before CARROLL, C.J., and JONES and KIDD, JJ.

PER CURIAM.

Appellant El Periodico, Inc. appeals by writ of error from a summary judgment rendered in a post-judgment garnishment proceeding. Appellee Parks Oil Co. filed an application for writ of garnishment against El Periodico for amounts owing on a judgment rendered in favor of Parks and against Tom Wittmer. *See* Tex.Civ.Prac. & Rem. Code Ann. § 63.001(3) (West 1986). El Periodico filed an answer but did not appear at the hearing on Parks' motion for summary judgment. The trial court granted the motion and awarded Parks the amount of the underlying judgment, $198,979.43, plus post-judgment interest. El Periodico asserts that Parks did not establish its right to summary judgment as a matter of law. We will affirm the trial court judgment.

■ By cross-point, Parks asserts that relief by writ of error is not available to El Periodico because it participated in the actual trial of the case. For this Court to have jurisdiction over this appeal by writ of error,

El Periodico must: (1) have filed the petition for writ of error within six months after the trial court signed the judgment, (2) be a party to the suit, (3) not have participated in the trial of the cause below and (4) show error from the face of the record. Tex. R.App.P. 45; *Primate Constr., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994); *Brown v. McLennan County Children's Protective Servs.,* 627 S.W.2d 390, 392 (Tex.1982); *Hot Shot Messenger Serv. v. State,* 818 S.W.2d 905, 906–07 (Tex.App.—Austin 1991, no writ). Parks asserts that El Periodico participated in the trial below because it had notice of the summary judgment hearing and had an opportunity to participate.

■ Rule 45 prevents review by writ of error if the appellant participated in person or by counsel in "the actual trial of the case." Tex.R.App.P. 45(b). Participation in the dispositive hearing that leads to rendition of final judgment is participation that precludes writ-of-error review. *Stubbs v. Stubbs,* 685 S.W.2d 643, 644–45 (Tex.1985); *Classic Promotions, Inc. v. Shafer,* 846 S.W.2d 948, 949 (Tex.App.—Houston [14th Dist.] 1993, no writ). Generally, a party in a summary judgment proceeding participates in the "actual trial" when the party has notice of, and responds to, the summary judgment motion. El Periodico answered Parks' application for writ of garnishment but did not respond to, or appear at the hearing on, Parks' motion for summary judgment. After that hearing, the trial court granted the motion and rendered judgment against El Periodico. Contrary to Parks' assertion, El Periodico did not participate in the actual trial of the case within the meaning of Rule 45(b). *Mora v. Southwestern Bell Media, Inc.,* 763 S.W.2d 527, 528 (Tex.App.—El Paso 1988, no writ); *Ridgeline, Inc. v. Crow–Gottesman–Shafer # 1,* 734 S.W.2d 114, 116 (Tex.App.—Austin 1987, no writ); *see Stubbs,* 685 S.W.2d at 644–45; *Norman v. Dallas Cowboys Football Club,* 665 S.W.2d 137, 138–39 (Tex.App.—Dallas 1983, no writ). We overrule Parks' cross-point.

■ Because El Periodico did not file a response to Parks' motion for summary judgment, it can attack the judgment only on the basis that Parks did not establish his right to

summary judgment as a matter of law.[1] *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 679 (Tex.1979); *McCord v. Memorial Medical Ctr. Hosp.,* 750 S.W.2d 362, 364 (Tex.App.—Corpus Christi 1988, no writ). In three points of error, El Periodico asserts that Parks presented no summary judgment proof because the trial court could not take judicial notice of records in another cause and these records were not on file or attached to the motion for summary judgment.

■ We do not address these points because the record shows that Parks established his right to summary judgment as a matter of law. The sole basis asserted for summary judgment was El Periodico's failure to file a verified answer responding to the writ of garnishment in compliance with the Texas Rules of Civil Procedure. Texas Rule of Civil Procedure 665 provides, "The answer of the garnishee shall be under oath, in writing and signed by him, and shall make true answers to the several matters inquired of in the writ of garnishment." El Periodico's answer denied that El Periodico was indebted to Wittmer but was not verified.

Texas Rule of Civil Procedure 667 provides that the trial court may render judgment against a garnishee for the full amount of the judgment against the judgment debtor, plus interest and costs, if the garnishee does not file a timely answer to the writ of garnishment. Because El Periodico did not verify its answer, it was not a proper answer and the trial court could render a default judgment. *Swiderski v. Victoria Bank & Trust,* 706 S.W.2d 676, 680 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.); *Sweeny Bank v. Ritchie, Hopson & Assocs., Inc.,* 628 S.W.2d 175, 177 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *see American Express Co. v. Monfort Food Distrib. Co.,* 545 S.W.2d 49, 52 (Tex.App.—Houston [14th Dist.] 1976, no writ) (when garnishee's answer does not respond to questions in writ, court may regard answer as no answer and render default judgment).

■ However, default judgment is not the exclusive remedy in a case in which the garnishee fails to file a proper answer. *Sweeny Bank,* 628 S.W.2d at 176. The trial court may properly render a summary judgment on the garnishor's motion. *Id.* The situation is analogous to one in which the defendant in a suit on a sworn account does not file a sworn answer as Texas Rule of Civil Procedure 185 requires. In the absence of a sworn denial, the account is received as prima facie evidence against the defendant who may not dispute the receipt of the items or services or the correctness of the stated charges. *Rizk v. Financial Guardian Ins. Agency, Inc.,* 584 S.W.2d 860, 862 (Tex.1979); *Cooper v. Scott Irrigation Constr., Inc.,* 838 S.W.2d 743, 745–46 (Tex. App.—El Paso 1992, no writ). Accordingly, a fact issue as to whether the defendant owes the amount claimed does not exist and summary judgment is proper. *Brightwell v. Barlow, Gardner, Tucker & Garsek,* 619 S.W.2d 249, 253 (Tex.Civ.App.—Fort Worth 1981, no writ); *see Hidalgo v. Surety Sav. & Loan Ass'n,* 462 S.W.2d 540, 543 n. 1 (Tex. 1971).

Here, El Periodico's unsworn answer did not controvert the prima facie proof established by Parks' sworn application for writ of garnishment. Because the answer did not raise an issue of fact, summary judgment was proper. *See Sweeny Bank,* 628 S.W.2d at 176. Because we may affirm the summary judgment on this basis, we do not address El Periodico's points of error. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970); *Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801, 803–04 (Tex.App.—Beaumont 1990, no writ). The judgment of the trial court is affirmed.

---

1. Because El Periodico appeals by writ of error, the error must be apparent from the face of the record. *DSC Fin. Corp. v. Moffitt,* 815 S.W.2d 551, 551 (Tex.1991); *Griffith v. Griffith,* 860 S.W.2d 252, 254 (Tex.App.—Tyler 1993, no writ).