Lydia SOSA, Individually and as Next Friend of Andres Sosa, Cynthia Sosa, and Robert Sosa, Minor Children, and Jesse Sosa, Appellants,

v.

CENTRAL POWER & LIGHT COMPANY, Houston Lighting & Power Company, and General Electric Company, Appellees.

No. 04–94–00378–CV.

Court of Appeals of Texas, San Antonio.

April 12, 1995.

Rehearing Overruled June 12, 1995.

Hugo Xavier De Los Santos, San Antonio, Eugene Zemp DuBose, Dallas, for appellants.

J. Clifford Gunter, III, Marc F. Wiegand, Bracewell & Patterson, L.L.P., Houston, Kay Andrews, Richard T. McCarroll, Brown McCarroll & Oaks Hartline, John H. McLeod, Larry F. York, Kevin M. Sadler, Baker & Botts, L.L.P., Austin, F. Walter Conrad, Jr., Baker & Botts, L.L.P., Houston, for appellees.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

DUNCAN, Justice.

The Sosas sued Central Power & Light, Houston Power & Light, and General Electric ("the defendants") for the wrongful death of Mr. Sosa as a result of liver disease allegedly caused by the defendants' wrongfully exposing Mr. Sosa to toxic chemicals at a job site. The trial court granted the defendants' motions for summary judgment, which asserted that the summary judgment proof—including the factual allegations in the Sosas' First Amended Original Petition—conclusively established that the Sosas' claim was barred by limitations. The Sosas appeal on four points of error.

We hold (1) the trial court correctly ruled that the Sosas' Second Amended Original Petition, which was filed without leave of court on the Wednesday before the summary judgment hearing the following Wednesday, was untimely filed under Rule 63, TEX.R.CIV. P.; (2) the trial court did not clearly abuse its discretion in denying the Sosas leave to file their Second Amended Original Petition; (3) the Sosas did not successfully abandon the factual allegations in their First Amended Original Petition; and (4) the summary judgment proof—including the factual allegations contained in the Sosas' First Amended Original Petition—did not raise a material issue of fact, and the defendants were entitled to judgment as a matter of law on their limitations defense. We therefore affirm the judgment.

## FACTS

The Sosas allege that the defendants exposed Mr. Sosa to toxic chemicals in the early 1970s, thereby causing injury to Mr. Sosa's liver, and that it was from this injury that Mr. Sosa died on June 1, 1991. The Sosas filed suit against the defendants on June 1, 1993. In their Original Petition, the Sosas alleged that Mr. Sosa was "in good physical health" and "worked regularly" before the defendants' wrongful conduct, but thereafter Mr. Sosa was "incapacitated from the date of his injuries until the date of his death, a period of twenty (20) or so years" and, as a result, was unable to pursue barbering, the profession for which he was licensed before his injuries.

On the basis of these factual allegations, the defendants filed motions for summary judgment grounded upon limitations. Ap-

proximately two months after the first motion was filed, Mrs. Sosa filed her interrogatory answers, which stated that Mr. Sosa was not aware that his liver had been injured or that the defendants caused his injury until a few months before his death. On November 10, 1993, without leave of court, the Sosas filed their Second Amended Original Petition. This amended pleading deleted the factual allegations upon which the defendants' motions were based and asserted, for the first time, that Mr. Sosa neither discovered nor, in the exercise of reasonable care and diligence, should have discovered the nature of his injury until a few months prior to his death. Also on November 10, 1993, the Sosas filed their response to the defendants' motions and submitted the affidavit of Mrs. Sosa, which states that Mr. Sosa was not aware that his kidneys had been injured or that the defendants had caused his injuries until a few months before his death.

Initially, the summary judgment hearing was set for October 13, 1993. At the Sosas' request, however, the hearing was continued until November 17. On November 15, the defendants filed a motion to strike the Sosas' Second Amended Original Petition. On November 17, the Sosas filed an objection to the November 17 setting, as well a motion seeking leave to file their Second Amended Original Petition. At the summary judgment hearing on November 17, the Sosas' trial counsel conceded, and the trial court ruled, that the Sosas' Second Amended Original Petition was untimely filed. The trial court then granted the defendants' motion to strike, thus effectively denying the Sosas leave to filed their amended petition. Measuring the summary judgment motions against the factual allegations in the Sosas' First Amended Original Petition, the trial court granted the defendants' motions and rendered judgment in their favor.

## APPLICABLE STATUTE OF LIMITATIONS

■ A wrongful death action, if one exists, accrues on the date of death and is subject to a two-year statute of limitations. TEX.CIV.PRAC. & REM.CODE § 16.003(b) (Vernon 1986). The discovery rule does not ap-

ply in this context. *Moreno v. Sterling Drug*, 787 S.W.2d 348 (Tex.1990). However, a wrongful death action is entirely derivative; accordingly, whether a claim for wrongful death exists depends upon whether the decedent could have maintained a suit for his injuries immediately prior to his death. *Russell v. Ingersoll–Rand Co.*, 841 S.W.2d 343, 347 (Tex.1992).

■ The Sosas' claims against the defendants are tort claims, which are barred at most four years after accrual. *See Williams v. Khalaf*, 802 S.W.2d 651 (Tex.1990). As a general rule, a cause of action accrues " 'when the fact of injury is known' ... not when the alleged wrongdoers are identified." *Russell*, 841 S.W.2d at 344 n. 3 (citation omitted) (citing *Moreno*). In latent injury cases, however, such as those involving diseases arising out of exposure to toxic substances, accrual is tolled under the discovery rule. *E.g., Martinez v. Humble Sand & Gravel*, 860 S.W.2d 467 (Tex.App.—El Paso 1993, no writ); *Allen v. Roddis Lumber & Veneer*, 796 S.W.2d 758 (Tex.App.—Corpus Christi 1990, writ denied); *Pecorino v. Raymark Industries*, 763 S.W.2d 561 (Tex. App.—Beaumont 1988, writ denied). When applicable, the discovery rule tolls accrual until the injured person discovers or, in the exercise of reasonable care and diligence, should have discovered the nature of his injury. *Moreno*, 787 S.W.2d at 351.

The defendants do not dispute that the Sosas filed this suit within two years of the date of Mr. Sosa's death, thus complying with the Wrongful Death Act limitations statute. Nor do the Sosas dispute that their wrongful death claim is barred by limitations if Mr. Sosa discovered or, in the exercise of reasonable care and diligence, should have discovered the nature of his injury more than four years prior to his death. Rather, the parties dispute the effect of the Sosas' factual allegations in their First Amended Original Petition that Mr. Sosa "was in good physical health" and "worked regularly" before defendants' wrongful conduct, but thereafter was "incapacitated from the date of his injuries until the date of his death, a period of twenty (20) or so years...." To determine the effect of these allegations, we must first re-

solve whether the Sosas' First or Second Amended Original Petition should have been the operative petition before the trial court.

## THE OPERATIVE PETITION

■ In their third point of error, the Sosas argue that the trial court erred in ruling that their Second Amended Original Petition was untimely filed on November 10. This point of error thus presents a question of law, which we review de novo.

### Timeliness under Rule 63

■ An amended pleading filed "within seven days of the date of trial," which includes a summary judgment hearing, or thereafter "shall be filed only after leave of the judge is obtained...." TEX.R.CIV.P. 63; see *Goswami v. Metropolitan Sav. & L. Ass'n*, 751 S.W.2d 487, 490 (Tex.1988); *Medina v. Sherrod*, 391 S.W.2d 66, 68 (Tex.Civ. App.—San Antonio 1965, no writ). "Within seven days of trial," as used in Rule 63, has been uniformly interpreted by the Texas Courts of Appeals to mean seven days before the date set for trial, and the date of trial must be included in computing the seven-day period. *Volvo Petroleum v. Getty Oil Co.*, 717 S.W.2d 134, 137 (Tex.App.—Houston [14th Dist.] 1986, no writ); *Sweeny Bank v. Ritchie, Hopson & Assoc.*, 628 S.W.2d 175, 176 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.); *Dillingham v. Lynch*, 516 S.W.2d 694, 704 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); *Oehler v. Oehler*, 422 S.W.2d 240 (Tex.Civ.App.—Austin 1967, writ ref'd n.r.e.). This interpretation was, we believe, lent further support by the supreme court's 1990 amendment of Rule 63 to expressly include responsive pleadings, as well as by the court's comment, which states that the amendment was "[t]o require that all trial pleadings of all parties, except those permitted by Rule 66, be on file at least seven days before trial unless leave of court permits later filing." For the Sosas' amended pleading to be "on file at least seven days before trial," it would have to be filed on the eighth day prior to the hearing on November 17—November 9. Since the Sosas' amended pleading was not filed until November 10, it required leave of court.

The Sosas candidly recognize this well-established rule, but urge us to depart from it and instead adopt the interpretation of "not less than seven days" in Rule 93(13), which governs verified denials in workers' compensation cases. See *Employers Ins. of Wausau v. Contreras*, 860 S.W.2d 264, 265–66 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We decline the Sosas' invitation for two reasons. First, the supreme court's 1990 amendment of Rule 63 and the accompanying comment indicate that the court is aware of and approves the interpretation placed on the rule by the courts of appeals addressing the issue. Second, the *Contreras* Court addressed an issue of first impression; it did not interpret Rule 93(13) in a manner that was at odds with the other courts of appeals. That is what the Sosas would have us do in interpreting Rule 63. We simply do not believe that the Sosas' suggested course of action would be in the long-term best interests of Texas lawyers and litigants, who depend upon consistent and therefore predictable rule interpretations by the trial and appellate courts. We therefore overrule the Sosas' third point of error.

### Leave to File

■ In their fourth point of error, the Sosas argue that, if their amended pleading was untimely under Rule 63, the trial court abused its discretion in denying them leave to file. It is well-established that pleading amendments "shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party." TEX.R.CIV.P. 63; *Hardin v. Hardin*, 597 S.W.2d 347, 349 (Tex.1980). "This showing may be based on the trial court's conclusion that the amendment on its face is calculated to surprise or that the amendment would reshape the cause of action, prejudicing the opposing party and unnecessarily delaying the trial." *Hardin*, 597 S.W.2d at 349. An amendment that asserts a new cause of action or defense is "prejudicial on its face." *Id.* at 351; *Greenhalgh v. Service Lloyds Ins. Co.*, 787 S.W.2d 938, 939 (Tex.1990). When the trial court denies leave to file an amendment that "introduce[s] new substantive matter," "the burden of showing an abuse of discretion is on the

complaining party, rather than on the opposite party to show surprise." *Hardin,* 597 S.W.2d at 351; *Greenhalgh,* 787 S.W.2d at 940 n. 3.

The Sosas argue that the defendants cannot show surprise because Mrs. Sosa's interrogatory answers, filed approximately one month before their Second Amended Original Petition, stated that her husband "did not become aware of the injury to his liver caused by you until just shortly before his demise." The Sosas misperceive their burden on appeal. As clearly stated in *Hardin* and *Greenhalgh,* an amended pleading that raises new substantive matter, such as the Sosas' pleading of the discovery rule, is "prejudicial on its face"; accordingly, the Sosas' burden on appeal is to demonstrate that the trial court clearly abused its discretion in denying leave to amend.

■■■■■ To establish an abuse of discretion, the complaining party must demonstrate the trial court either misapplied or misanalyzed the law or acted arbitrarily and unreasonably. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). The record before us does not reveal a clear abuse of discretion. To the contrary, the record demonstrates that the Sosas had three months [1]—including a one-month continuance of their own making—in which to file an amended petition, and they failed to do. Indeed, the Sosas did not even request leave to amend until the commencement of the summary judgment hearing. We overrule the Sosas' fourth point of error.

### Abandonment

■■■ In their second point of error, the Sosas argue that the trial court erred in treating the factual allegations in their First Amended Original Petition as judicial admissions because that pleading was superseded, abandoned, or amended. *See Kirk v. Head,* 137 Tex. 44, 152 S.W.2d 726, 729 (1941). Whether a pleading has been superseded, abandoned, or amended is, we believe, a question of law, which we review de novo.

■■■ The Sosas argue that formal amendment is not necessary to show abandonment; otherwise, the supreme court's use of "abandoned" and "superseded" would have been superfluous. We agree. For instance, in *Head,* the court held that factual allegations in a pleading were abandoned by the plaintiff's taking a nonsuit. A stipulation against interest may also form the basis for abandonment. *See Gonzales v. Texas Emp. Ins. Ass'n,* 419 S.W.2d 203, 206 (Tex.Civ.App.—Austin 1967, no writ). We disagree, however, that Mrs. Sosa's interrogatory answers and affidavit, standing alone or coupled with the Sosas' untimely and unauthorized filing of their Second Amended Original Petition, establish abandonment. To hold otherwise would be to eviscerate the requirement in Rule 63 that the Sosas' obtain leave of court to file their amended pleading, as well as the provision in Rule 166a(c) that the trial court is to consider only those pleadings "on file at the time of the hearing" or filed thereafter with leave of court. *See McCormick v. Stowe Lumber Co.,* 356 S.W.2d 450, 458 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.). We therefore overrule the Sosas' second point of error.

### LIMITATIONS

Having determined that the trial judge properly considered the Sosas' First, rather than Second, Amended Original Petition, we now turn to the Sosas' first point of error, in which they argue that the summary judgment proof raised a material issue of fact as to the date Mr. Sosa discovered or, in the exercise of reasonable care and diligence, should have discovered the nature of his injury. In this respect, the Sosas rely upon Mrs. Sosa's affidavit and interrogatory answers, both of which state that Mr. Sosa did not know he had been injured by the defendants' conduct or that his liver had been injured until shortly before his death.

■■■■ As a general rule, pleadings do not constitute summary judgment proof.

---

1. The first summary judgment motion alleging that the Sosa's claim was barred by the statute of limitations, as applied to the factual allegations contained in their First Amended Original Petition, was filed August 8, 1993. The Sosas thus had from August 8 until November 9, 1993 in which to file an amended petition without leave of court.

*See, e.g., City of Houston v. Clear Creek Basin,* 589 S.W.2d 671, 678 (Tex.1979). If, however, a plaintiff pleads "facts that affirmatively negate his cause of action," summary judgment is proper. *Texas Dept. of Corrections v. Herring,* 513 S.W.2d 6, 9 (Tex. 1974); *Alice Roofing & Sheet Metal Works v. Halleman,* 775 S.W.2d 869 (Tex.App.—San Antonio 1989, no writ). This rule obtains because the factual allegations in a party's operative pleading constitute judicial admissions, which conclusively bind the pleading party, relieve the opposing party of its burden of proving the admitted fact, and bar the admitting party from disputing the admitted fact. *Gevinson v. Manhattan Constr. Co. of Oklahoma,* 449 S.W.2d 458, 467 (Tex.1969). We therefore consider the factual allegations in the Sosas' First Amended Petition as uncontroverted and uncontrovertible by either Mrs. Sosa's interrogatory answers or her affidavit.[2]

The Sosas alleged in their First Amended Original Petition that Mr. Sosa was "in good physical health" and "worked regularly" before the defendants' wrongfully exposed him to toxic chemicals in the early 1970s. Thereafter, however, the Sosas allege that Mr. Sosa "was incapacitated from the date of his injuries until the date of his death, a period of twenty (20) or so years" and, as a result, was unable to pursue barbering, the profession for which he was licensed before his injuries. These allegations conclusively establish that Mr. Sosa was aware of the nature of his injuries in the early 1970s— substantially more than four years prior to his death. We therefore overrule the Sosas' first point of error and affirm the judgment.

---

2. We note, however, that even if the factual allegations in the Sosas' operative petition were controvertible, the facts set forth in Mrs. Sosa's interrogatory answers and affidavit are insufficient to raise a fact issue regarding tolling under the discovery rule, which requires that the Sosas establish that Mr. Sosa neither discovered nor, in the exercise of reasonable care and diligence, should have discovered the *nature of his injury.*

That Mr. Sosa was not aware that his kidneys, as opposed to some other organ, had been injured until shortly before his death would not toll the statute. *See Coody v. A.H. Robins Co.,* 696 S.W.2d 154, 156 (Tex.App.—San Antonio 1985, writ dism'd by agr.). Nor would the statute be tolled simply because Mr. Sosa was not aware of the defendants' identity until shortly before his death. *Russell,* 841 S.W.2d at 344 n. 3.